## CUTLER & BURNHAM

v.

## SOPHIA A. DIX.

OCTOBER TERM, 1894.

*Construction of written contract is for the court.*

The plaintiffs contracted to furnish a monument of a certain design and of given dimensions. It was conceded that the dimensions of the monument built were different from those called for by the contract. *Held*, that the court should have ruled as matter of law that the plaintiffs were not entitled to recover, and that it was error to submit to the jury whether the dimensions used were necessary to give due proportion to the specified design.

Assumpsit. Plea, the general issue. Trial by jury at the March term, 1894, Washington County, Tyler, J., presiding. Verdict and judgment for the plaintiffs. The defendant excepts.

*John W. Gordon* and *John H. Senter* for the defendant.

The construction of this written contract was for the court, and it was error to submit to the jury whether the conceded change in dimensions was a departure from its terms. *Denison's Ex.* v. *Wertz*, 7 Sar. & R. 371; *Dwight* v. *Germania Ins. Co.*, 103 N. Y. 347 : *Barby* v. *Cassidy*, 104 N. Y., 155; *Rogers* v. *Colt*, 21 N. J. L. 711; *Wasson* v. *Rowe*, 16 Vt. 528; *Gove* v. *Downer*, 59 Vt. 139; *Perry* v.

*Smith*, 22 Vt. 309 ; *Holmes* v. *Samuel*, 15 Ill. 412 ; Lawson, Usa. & Cus., s. 211 ; *Beals* v. *Terry*, 2 Sandf., 127 ; *Vial* v. *Hubbard*, 37 Vt. 114.

*S. C. Shurtleff* and *O. B. Boyce* for the plaintiff.

The design was as much a part of the contract as the dimensions and the plaintiffs might well follow it in constructing the monument. *Smith* v. *Wilson*, 3 B. & Ad. 728 ; *Grant* v. *Maddox*, 15 M. &. W. 737 ; *Jolly* v. *Young*, 1 Est. N. P. C. 186 ; *Robertson* v. *Jackson*, 2 C. B. 412.

TAFT, J.   The plaintiffs agreed in writing to furnish the defendant a monument according to the Dickenson design (except the corner on the die) and of certain specified dimensions.   They furnished one, the various parts of which were not cut according to the sizes specified in the contract. Nine of the fifteen measurements varied from those specified.   In the monument furnished, the plinth was four and seven-eights inches longer, and the cap three and three-fourths inches thicker, than the dimensions required by the agreement.   This change of sizes was made by the plaintiffs without the knowledge or consent of the defendant. In reference to this question of the changes in the dimensions of the monument, it is stated in the exceptions that the plaintiffs and their witnesses were allowed to testify what they thought the sizes of the monument ought to be and the effect that the variations made from the contract sizes had upon the proportions of the monument.   We infer, although it is not so stated, that the variations from the measurements which the parol evidence tended to show and which were conceded by the plaintiffs to have been made, were so made in order to make the monument conform to the Dickenson design.   The court submitted to the jury the question whether the variations shown were a departure from the contract.   The evidence in regard to the variations was

admitted under exception and the defendant also excepted
to the submission to the jury of the construction of the con-
tract, claiming that it was a question for the court. Had it been
uncertain what the dimensions of the monument were, there
might have been a question to submit to the jury, but what
the dimensions were, was conceded, and it was a question
for the court to say whether the monument was a compliance
with the contract. Had the plaintiffs a right to change the
dimensions of the monument and make them other than the
prescribed ones? We think not. The fact that the
monument was to be of a certain design did not justify the
plaintiffs in constructing it with other dimensions than those
specified in the contract. The design must yield to the
measurements. The case is analogous to a conveyance of
land which is described by metes and bounds, or courses and
distances, and it is held that such description prevails over
any general description of the subject matter that may have
been used in the deed, tending to enlarge or diminish the
boundaries. While many of the variations were so slight
that essentially they were such as the contract called for, there
were others that we must hold were a substantial departure
from the contract; thus the plinth was more than twelve per
cent longer and the cap more than twenty-eight per cent
thicker than the contract dimensions. It can not well be
said that the contract presents a case of latent ambiguity, for
the measurements prevail over the design and thus there is
no uncertainty. The dimensions must govern and they are
made certain. If the contract was erroneously drawn its
reformation cannot be had in a court of law. The dimen-
sions of the monument furnished being conceded, it became a
question of law whether the contract was complied with. It
does not appear that there was any difficulty in constructing
a monument according to the specified measurements and
the defendant was entitled to a compliance with the contract.
Under this holding the defendant was under no obligation to

accept the monument and to pay the consideration named in the agreement. The other questions which arose upon the trial become immaterial and it is unnecessary to consider them. .

*Judgment reversed and cause remanded.*

ROSS, C. J., dissents.

I concur in the result, but not in the grounds of the decision. I think that all of the terms of the contract are to be considered, in ascertaining the intention of the parties. On the face of the contract there is discoverable no contradiction nor ambiguity between the Dickenson design and the measurements. But, on applying this design and the measurements to a monument it is found they do not agree, and a doubt or ambiguity arises in regard to which the parties intended should control. I think parol testimony was admissible to remove this latent ambiguity. But the court erroneously rejected testimony to show what the several measurements of the Dickenson monument were, which had been made in accordance with the Dickenson design. I do not think that the measurements are to control, and that the design with its proper proportions is to be rejected. But when a substantial variance between the design and the measurements is shown, then the ambiguity may be cleared up by parol testimony, that the intention of the parties may prevail.