THOMAS H. MURPHY *vs.* JOHN F. LITTLE, apt.

January Term, 1897.

Present: ROSS, C J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Recognition of Tenancy—Waiver of Notice to Quit by Acceptance of Rent—Accord and Satisfaction.*

One who purchases premises held by another under a parol lease, and accepts the stipulated rent, recognizes the tenancy on the terms of the original lease.

A notice to quit is waived by the acceptance of rent for occupation subsequent to the expiration of the notice.

The amount of rent due for May being in dispute, the defendant sent a check with a letter reading, "Enclosed $100 for May rent," which the plaintiff accepted and collected, at the same time writing the defendant demanding further payment. *Held*, an accord and satisfaction.

JUSTICE EJECTMENT. Plea, the general issue. Trial by jury at the September Term, 1895, Chittenden County, *Taft*, J., presiding. Verdict ordered, and judgment thereon rendered, for the plaintiff. The defendant excepted.

*R. E. Brown* for the defendant.

The acceptance of rent for March and April created the relation of landlord and tenant between the plaintiff and defendant on the terms of the original lease.

The acceptance of the checks offered for the rent for April, May and June constituted a satisfaction of the plaintiff's claim for those months. Therefore no rent was due at the commencement of the suit. *Bromley* v. *School Dist.*, 47 Vt. 381; *Preston* v. *Grant*, 34 Vt. 202; *Conn. River Lumber Co.* v. *Brown*, 68 Vt. 239.

The acceptance of the checks operated as a waiver of the notice to quit. Consequently the defendant was lawfully in possession when the suit was commenced. II Taylor, Landlord and Tenant, §§ 485–497; *Wilder* v. *Ewbank*, 21 Wend. 587; *Ireland* v. *Nichols*, 46 N. Y. 413; *Conger* v.

*Duryee*, 90 N. Y. 594; *Webster* v. *Nichols*, 104 Ill. 160; *Newman* v. *Rutter*, 8 Watts 51.

Failing to recover possession, the plaintiff must fail to recover rent, since the latter is only incidental to the former. V. S. 1563.

*E. R. Hard* and *Seneca Haselton* for the plaintiff.

The defendant was a tenant at will only. V. S. 2218; *Amsden* v. *Blaisdell*, 60 Vt. 386.

The notice of March tenth terminated the tenancy, and the plaintiff was entitled to maintain this action. *Chamberlin* v. *Donahue*, 45 Vt. 50; *Barton* v. *Learned*, 26 Vt. 192.

The defendant by occupying after the notice of increase in rent impliedly promised to pay the amount named. *Amsden* v. *Blaisdell*, 60 Vt. 386.

The rent being two hundred dollars for May, the defendant was still in default one hundred dollars after the payment. The acceptance of the check, accompanied by a demand for the balance, was not a satisfaction of the plaintiff's claim.

THOMPSON, J. At the time the defendant purchased the property in question of John J. Thompson, the defendant was in possession thereof under a parol lease from Thompson for one year, beginning July 20, 1892, and ending July 20, 1893, at an annual rent of $1200, payable in instalments of $100 on the first day of each month in advance. Under this lease the defendant was a tenant at will only. V. S. § 2218; *Amsden* v. *Blaisdell*, 60 Vt. 386. The premises were conveyed, to the plaintiff by Thompson, February 23, 1893. Subsequent to the conveyance the plaintiff accepted rent of the defendant for the months of March and April, and thereby the relation of landlord and tenant was created between them, subject to the terms of the original lease. March 10, 1893, the plaintiff gave the defendant written notice to quit the premises on May 1, 1893, and April 1, 1893, he further notified him in writing, that if the notice to quit was not complied with, the rent would be $200 per

month after May 1, 1893. The defendant did not quit the premises pursuant to the notice to quit. The evidence tended to show that after May 1, 1893, there was a controversy between the plaintiff and the defendant in respect to the rent the latter was bound to pay for his occupation of the premises subsequent to that date. May 1, 1893, the defendant sent the plaintiff a check for $100 in a letter addressed to him, the body of which was as follows: "Enclosed $100 for May rent." Again on May 31, 1893, the defendant sent the plaintiff a check for $100 in a letter addressed to him, the body of which was as follows: "Find check for $100 for June rent." The plaintiff received both these checks, retained them and collected the money thereon. It is now contended by the defendant, that the acceptance of these two checks by the plaintiff, under the explicit declaration in the letters accompanying them that they were for the May and June rent, operates as an accord and satisfaction of the rent for these months. We think the construction to be given these letters is that the checks were offered and if accepted, were to be taken, for the entire rent for these months. Hence the acceptance and retention of the checks by the plaintiff operated as a satisfaction in advance of the rent for May and June. The plaintiff could not escape the legal effect of his acceptance of the amount offered, by writing the defendant for further payment of rent for these months. The satisfaction of the rent operated at once when the checks were accepted and retained by the plaintiff. *Conn. River Lumber Co.* v. *Brown*, 68 Vt. 239.

Under the circumstances of this case, the acceptance of the rent for May and June, operated as a waiver of the notice to quit and the notice in respect to the proposed increase of rent. This suit was brought June 5, 1893. At that time there was no notice to quit operative on the defendant, nor was there any rent due, it having been paid in advance for the entire month of June. It was, therefore, error for the county court to direct a verdict for the plaintiff.

*Judgment reversed and cause remanded.*