LESLIE P. HOVEY *v.* WHEATLEY B. COOK.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 19, 1910.

*Rejection of Evidence—Exception—Necessity of Offer—Harm-*
*less Error—Instructions.*

To reserve an available exception to the exclusion of a question asked
a witness the examiner must disclose what answer he expects to
elicit.

Error in failing to submit a particular issue to the jury is cured by
the submission to them of special questions that fully cover the
omitted issue.

TRESPASS QUARE CLAUSUM. Plea, the general issue. Trial
by jury at the March Term, 1909, Essex County, *Miles*, J., pre-
siding.   Verdict and judgment for the defendant.   The plaintiff
excepted.

Plaintiff called Napoleon Rosseau as a witness and by him
showed that one Weeks, who was then dead, at one time owned
land that adjoined the lot in question.   The witness was then
asked:

"What, if anything, did Mr. Weeks do with reference to
pointing out this corner to you?"

This question was objected to, and thereupon plaintiff offered
"to show the statements of Mr. Weeks in regard to this corner,
and this line, the fact that he was upon the premises when he
made them, that he had knowledge of those lines, and those things
that he talked about, had an opportunity to have, and did have
peculiar knowledge in regard to them."   The court ruled that
"the question be excluded under the offer," and plaintiff ex-
cepted.   The witness was then asked to state whether he "learned
from any one where that corner was," and, upon objection being
interposed, plaintiff offered "to show that this corner was pointed
out by the original owner of the land adjoining lot No. 4, who
is now dead," whereupon the court excluded "the question under
that offer," and plaintiff excepted.

*Henry W. Lund, Robert W. Simonds* and *J. Rolf Searles* for the plaintiff.

*Howe & Hovey* for the defendant.

ROWELL, C. J. This is trespass *qua. clau.* No error appears in excluding the testimony of the witness Rosseau as to declarations of Weeks concerning the location of the lines of the *locus,* because, if for no other reason, the examiner did not disclose what answer he expected to elicit. This has been often decided, and counsel would do well to keep the rule in mind when examining witnesses.

The count on which the plaintiff elected to rely, describes the *locus* as "being gore lot No. 4 in that part of Canaan formerly called Norfolk, and bounded north by Canada line; southwesterly by land owned by Emma J. Heath; and southeasterly by land of Heman Nichols's estate and Mrs. J. P. Moore."

The testimony on the part of the plaintiff tended to show that at the time in question he owned the lot described in said count, and that the defendant, in cutting timber he had bought on land adjoining said lot, cut over the line onto the same, and destroyed a large number of trees. The plaintiff's testimony tended to show two lines "extending along on the southeasterly side of said lot."

The defendant denied that he had cut over the line onto said lot, and introduced testimony tending to show that the true line of said lot was farther to the northwest than either of the lines claimed by the plaintiff, and no claim was made that he had cut over that line.

The plaintiff claims that the court, in its charge, limited him for recovery to the original line of said lot as it was located when the town was divided and the gore established as one of its divisions; and he excepted to the charge on that ground, claiming that as the *locus* was described, he was not limited to that line, but only to the line between him and the Nichols estate, wherever that was.

But if there was error in this respect, which we do not decide, it was cured by the special findings, for by the submission of the questions to which they were answers, the plaintiff had the full benefit of every controverted phase of his case presented by the

testimony.  Those findings are in effect, that the line claimed by the plaintiff is not the original southeasterly boundary of said gore; that no well marked and defined line had been maintained as such boundary line for fifteen years before suit brought; and that neither the plaintiff nor his grantors had occupied any of the land lying between the line claimed by him and the line claimed by the defendant, exclusively and under a claim of right for fifteen years before suit brought.  It will be noticed that the plaintiff claimed only as owner, and not otherwise; and it appearing that neither of the lines claimed by him was the original line; and that neither had become the line of the lot by adverse possession, acquiescence, nor otherwise; the plaintiff failed to make a case.

