G. R. BIANCHI GRANITE COMPANY *v.* TERRE HAUTE MONUMENT COMPANY.

May Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 17, 1917.

*Contracts — Acceptance — Evidence—Harmless Error—Accord and Satisfaction—Check Marked in Payment of Balance Due—Construction of Contract—Exceptions—When of no Avail—Instructions to Jury—Burden of Proof—Bill of Exceptions.*

In an action to recover a balance claimed to be due on the purchase price of two granite monuments, ordered by defendant from the plaintiff, evidence that defendant's customers, for whom he had ordered the monuments, had held back $500 of what they were to pay the defendant because of dissatisfaction with the work, is admissible as tending to show that conduct on the part of defendant, which might otherwise amount to an acceptance of the monuments by him, was not to be construed as such.

Where a witness testified without objection that the stock in a monument had a streaked appearance, it was harmless error to allow him to testify, under objection that he is not qualified as a witness in this regard, that the stock was not "clear."

In an action to recover a claimed balance on the purchase price of two monuments ordered by defendant from plaintiff, evidence of defendant's customers, for whom he ordered the monuments, that

in certain specified particulars the monuments were not what they contracted for with defendant, is admissible for its bearing on the question of the acceptance of the monuments by defendant; and the fact that the contracts between defendant and his customers were not produced, does not render the evidence inadmissible.

In an action to recover a claimed balance on the purchase price of two monuments, ordered by defendant from plaintiff, evidence that the markers on the cemetery lots wherein the monuments were placed were not the same stock as the monuments is admissible, it appearing from the direct and cross examination of the witness that the markers referred to were those furnished as part of the job, and not those placed thereon by the witness himself.

In an action to recover a claimed balance on the purchase price of two monuments, ordered by defendant from plaintiff, a letter from defendant to plaintiff, informing plaintiff of defendant's customers for whom defendant had ordered the monuments to accept the monuments on account of certain defects, properly admitted in evidence upon the question of acceptance by the defendant, is not open to the objection that a passage therein goes outside of the contract between plaintiff and defendant, is susceptible of a broader construction of the contract, and undertakes to construe the contract.

Where defendant sent plaintiff a check, expressed to be in payment of the balance due the latter on two monuments, and wrote plaintiff at the same time saying that he was willing to pay a further sum, claimed by plaintiff, if certain changes were made in the monument, he was properly allowed to testify, in reply to a question upon cross examination asking for his understanding as to whether the transaction was entirely closed by the check, that if the job was finished he would pay the balance claimed by plaintiff, but that he had never accepted the job as it then was.

Where a check, expressed to be in payment of a balance due, was received, indorsed and deposited by the payee's bookkeeper, acting within the scope of her employment, evidence that the bookkeeper, before taking the action in question, took outside advice and acted upon it is immaterial.

Where a witness has described one object, it is not error to allow him to describe another by pointing out resemblances and differences between the two.

Where a contract for the manufacture of a granite monument referred to photographs of another monument with figures indicating meas-

urements and dimensions thereon, there was no latent ambiguity and it was correctly construed by the court to mean that the measurements and dimensions specifically called for by the contract were to govern in those respects, and that the photographs govern only in matters not otherwise provided for in the contract.

Where an incorrect statement of law in the charge is corrected by the court after exception taken, the exception is of no avail.

The fact that a contract for the manufacture of a granite monument was made in Indiana, is immaterial on the question whether there was a custom permitting variations in the work, so generally understood and acted upon that the parties could be presumed to have contracted with reference to it.

Under the circumstances, *held*, that plaintiff could not complain of the manner in which the matter of custom was submitted to the jury.

An exception to a part of the charge, based upon an incorrect assumption that the court referred only to the claims of one party and not to those of the other is of no avail.

Where a supplementary charge is clear and free from error when read in connection with the main charge an exception thereto will not be sustained.

Where defendant sent plaintiff a check, expressed to be in full payment of the account between them, which was indorsed and deposited by plaintiff's bookkeeper, acting in the scope of her employment, the question of accord and satisfaction does not depend upon plaintiff's understanding of the transaction.

The rule that the trial court must charge upon all the substantial issues in a case does not require that it should single out for comment some one piece of evidence.

In an action to recover a claimed balance on a contract for the manufacture of two granite monuments, the burden of proof that the monuments were in substantial compliance with the contract is on the plaintiff.

Where there is a general controlling reference to the transcript in a bill of exceptions, not intended as a reference to the transcript for exceptions not noted in the bill, an exception appearing in the transcript and not in the bill is not for consideration.

ASSUMPSIT in the common courts. Pleas, the general issue. Payment and accord and satisfaction. Trial by jury, at the September Term, 1915, Washington County, *Waterman*, J., pre-

siding. Verdict and judgment for the defendant. The plaintiff excepted.

The plaintiff sought to recover a balance claimed to be due upon a written contract for two granite monuments, known as the "G. Lowe" and "L. Lowe." monuments, manufactured by plaintiff and by it sold and delivered to the defendant. The contract referred to photographs of another monument, known as the "Jones" monument, for certain details of the work. The defendant was a retail dealer in Terre Haute, Indiana, and the monuments were ordered by him for two customers. The defendant's evidence tended to show that the monuments were defective and not in accordance with the contract, and that he had not accepted them. It appeared that defendant sent a check to plaintiff for a sum $500 less than the claim of plaintiff, with the notation upon it "Balance in full of account to date"; that the plaintiff's bookkeeper received the same, and, in pursuance of her duties, indorsed it with a stamp in the name of the plaintiff and deposited it in the bank to the plaintiff's credit. Thereafter she wrote to defendant, acknowledging receipt of the check and saying it was to be applied on account.

The plaintiff claimed that there was a custom among monument manufacturers permitting slight variations from the contract. Upon this point, the court instructed the jury as follows:

"Now I ought to state here, perhaps, as well as anywhere, that there has been some evidence here put in by the plaintiff in respect to some custom that is claimed to exist in regard to the manufacture of granite, and we allowed that to come in for the consideration of the jury as to whether there is such a custom or not in respect to the manufacture of monuments. The testimony of some of these men is that there is a custom that—I believe Mr. Frasier testified that you get a block that is required to be—say, one foot, six inches long, if you get it a foot and 5½ inches that answers the purpose, generally, and I believe he finally modified his statement by saying if it is more than that he tried to get it through, but it isn't—that getting through the contracts is not the thing when you come to the question in a court of law as to whether that contract is fulfilled or not— the party buying the work has a right to have it according to the contract and its dimensions in every respect, unless you find it is varied by some custom that exists that takes it out from the contract and makes it—and may make it less in size than what

the contract specified.   We leave that for you to consider—for you to say.   Some of these men say that is the way the granite men get along with these matters, and they call it 'custom.' Mr. Hollis says that he don't know of any custom in his section of the country, but that they must live up to their contracts.''

In a supplemental charge the court said, ''When I said that the monument must be in accordance with the contract, I meant substantially in accordance with the contract in every respect as far as the size is concerned, as far as the workmanship is concerned, and the measurements.''

*Theriault & Hunt* for the plaintiff.

*John W. Gordon* for the defendant.

HASELTON, J.   This is an action of assumpsit in the common counts.   Among other pleas filed were the general issue, payment and accord and satisfaction.   Trial by jury was had and verdict and judgment were for the defendant.   The plaintiff brings exceptions.

The plaintiff's evidence tended to show that one Hollis was doing a retail business as the Terre Haute Monument Company, and that he ordered of the plaintiff two monuments known as the G. Lowe and the L. Lowe monuments which were manufactured, sold and delivered by the plaintiff to the defendant, and set up in a cemetery in Indiana..   The plaintiff's specification was for a balance of $500 claimed to be due.   The defendant claimed that the monuments were not according to the contract therefor, and that he had not accepted them.

The plaintiff's exceptions 1, 2, 3, 4, 5, 6 and 7, were to rulings admitting evidence that the defendant's customers had held back from the defendant $500 of what they were to pay for the monuments, and had done so because of dissatisfaction with the work. These things the defendant had written the plaintiff about in several letters, and, in view of the whole evidence, the testimony was admissible, for the question of acceptance being in dispute, it tended to show that conduct of the defendant, which might otherwise amount to an acceptance on his part, was not to be construed as such, it being natural that the defendant would not accept the monuments from the plaintiff while the defendant's cus-

tomers were refusing, by reason of claimed defects, to accept the monuments from him.

Harry Lowe, one of the defendant's customers, testified by deposition. Under objection and exception a part of his deposition was read in which he testified that the stock in the monument he received was not ''clear.'' The deponent disclaimed familiarity with granite, and the objection made was that he was not qualified to say whether or not the stock was ''clear.'' But, without objection, a part of his deposition was read in which he described what the appearance was that he referred to, a streaked appearance, and if he was not qualified to testify that the granite was ''clear'' no harm was done, for no one could have been misled. This exception was the eighth in number.

Exceptions 9, 10, 11, 12, 13, 14, 15, 16, 17 and 19 so far as they are available were to rulings permitting the reading of questions and answers in the depositions of the defendant's customers, Harry Lowe and John C. Lowe, in which they stated that in certain particulars the monuments were not what they contracted for with the defendant. The contract referred to was not the contract in issue, and what they deposed to in that regard taken together amounted to the giving of the reasons that had actuated them in not accepting the monuments from the defendant, and the fact that they had refused to accept them from the defendant, not as a matter of whim, but for reasons that they had asserted, was admissible for its bearing on the probability of the non-acceptance by the defendant of the monuments from the plaintiff. So the fact that the contract between the defendant and his customers was not introduced, which appears to be the ground of objection made to this sort of testimony, so far as it was objected to, did not render it inadmissible.

The plaintiff's exception 18 was to the reading in evidence with the permission of the court, of a portion of a deposition of one Boothroyd wherein he testified that the markers on the Lowe lots were not of the same stock as that used in the monuments. The plaintiff's objection was that there were other markers on the lots than those furnished as a part of the contract in question. It appeared that the deponent himself had put some markers on the Lowe lots, but it sufficiently appeared that the deponent was talking about the markers furnished as a part of the job in question. A Mr. Marvin represented the plaintiff at the taking of the deposition, and his cross examina-

tion so cleared up the matter of what markers the deponent was talking about that there was no fatal infirmity inhering in the testimony.

A letter from the defendant to the plaintiff was introduced in evidence by the defendant. It purported to inform the plaintiff of the persistent refusal of the defendant's customers to accept the monuments on account of certain defects. To one passage in the letter the plaintiff objected, and excepted to a ruling of the court permitting the letter to be read. But the court allowed the whole letter to be read as a part of the representations and claims made to the plaintiff by the defendant. This course was proper, for the letter, in connection with the other testimony, had a tendency to show that the defendant had not accepted the monuments.

The plaintiff claimed that the passage to which he objected added something to the contract, went outside the contract, was susceptible of a broader construction than the contract, and undertook to construe the contract after it was made. But the letter was not received as bearing in any way upon the contract. It was admissible on the ground on which it was received, and that is enough to say here. The exception last considered was No. 20.

After various representations about the monument, from which nothing resulted, the defendant sent the plaintiff a check as the balance of his account with the plaintiff. This check the defendant applied on account. In the letter accompanying the check the defendant wrote that, if the monuments were changed as indicated in the letter, he was still willing to pay the balance of $500. In cross examination the plaintiff's counsel inquired, "you did not understand then that this matter was all closed up?" The defendant replied in substance that if the job was finished the $500 would be forthcoming, but that he "had never accepted these jobs." The plaintiff asked to have the last part of the answer striken out as not responsive, but the court allowed the whole answer to stand. The plaintiff's counsel had asked for the defendant's understanding that the matter was not all closed up by the check, and the whole answer fairly tended to show the extent to which the defendant understood it was closed up, and the conditions on which he considered it closed or not. We think there was no error in allowing the whole answer to stand. The exception thus disposed of is No. 21.

The evidence tended to show that the check was received, indorsed and deposited by the plaintiff's bookkeeper, acting within the scope of her employment, at a time when the plaintiff's president, Mr. Bianchi was absent. The plaintiff offered to show that the bookkeeper before taking the action in question, took outside advice and acted under it. Evidence under this offer was excluded and the plaintiff took exceptions numbered 22 and 23. The evidence was properly excluded for the effect of the acceptance and deposit of the check did not depend upon the bookkeeper's ideas or advice about the matter. *Murphy* v. *Little,* 69 Vt. 261, 37 Atl. 968; *Conn. River Lumber Co.* v. *Brown,* 68 Vt. 239, 242, 35 Atl. 56; *McDaniels* v. *Lapham,* 21 Vt. 222, 237; *Ross, J.,* in *Bromley* v. *School District,* 47 Vt. 381, 384.

In the deposition of one John C. Hall he described a certain Jones monument, referred to in the contract in question. He was then asked to describe the Lowe monuments, and gave a description which, to some extent, referred to the Jones monument already described by him. When the deposition was read, the plaintiff took his exception 24 on the ground that the deponent was not describing the Lowe monuments but was comparing them with the Jones monument. The court allowed the answer to stand saying of the answer objected to "as far as it goes it is a description though somewhat like a comparison."

Where one object has been described to a jury, the description of another may often be made more clear than in any other way, by pointing out resemblances and differences between the latter and the former. In declining to strike out the answer objected to, the court committed no error.

The contract was in the form of an order, and the various measurements for the monuments ordered were carefully stated. For certain matters, photographs of the Jones monument were referred to, and they became a part of the contract. On these photographs there were, as the evidence tended to show, figures indicating measurements and dimensions. The court construed the contract, and held that the measurements and dimensions specifically called for by the contract were to govern in those respects and that the photographs governed only in matters not otherwise specifically provided for in the contract. The plaintiff excepted because the court construed the contract at all claiming it was for the jury to construe it, and also excepted to the construction put upon the contract. But it was the province

of the court to construe the contract, there being, as we consider, no latent ambiguity in it, and nothing to take it out of the general rule that the construction of a written instrument is for the court. And very clearly the court's construction was correct. *Cutler* v. *Dix,* 67 Vt. 347, 349, 31 Atl. 780.

The plaintiff took an exception to language used by the court in reference to what had been understood throughout the trial with reference to the photograph of the Jones monument. The exception did not accurately state what the court had said, and, although the court proceeded to make a modified and clearer statement the plaintiff took no notice of that, but renewed his exception to the former statement. The plaintiff does not here rely upon this exception as an independent one, but argues that the claimed error of the court in not letting the jury construe the contract was "aggravated" by the language in which the understanding as to the Jones monument was referred to. Nothing here affects the fact that it was for the court to construe the contract, and the further fact that it was correctly construed by the court.

The court in the first instance, told the jury that unless there was some custom affecting the matter, the party buying the work had a right to have it according to the contract in every respect. Exception was taken to the latter part of this statement, whereupon the court explained to the jury that what was meant was that the work must be substantially in accordance with the contract. The plaintiff after this explanation renewed its exception, but the explanation set the matter right, and the exception is of no avail.

The plaintiff had introduced some evidence of a claimed custom permitting slight variations from the contract in the case of work of this kind, but introduced no evidence fairly tending to show a custom permitting substantial variations, so generally understood and acted upon that the parties to this contract could be presumed to have contracted with reference to it. However, the court submitted the matter of custom to the jury, and the plaintiff took no exception, except to a statement that this was an Indiana contract. The court made this statement, the contract having been made in Indiana, but in effect told the jury that that fact was immaterial on the question of custom. Whether or not the contract is to be deemed an Indiana contract, and the plaintiff strenuously argues that it should not be

so deemed, is immaterial and we do not discuss the matter. The matter of custom was submitted to the jury in a manner of which the plaintiff cannot complain. *Russell* v. *Ferguson,* 77 Vt. 433, 60 Atl. 802; *Linsley* v. *Lovely,* 26 Vt. 123.

The court, partly in the main charge, and partly in a supplementary charge, instructed the jury upon the matter of whether or not the defendant had accepted the monuments, a matter which depended upon their consideration of the testimony, and which was left to them. The plaintiff took an exception on the ground that the court had referred simply to the defendant's claims. But the exception was based on an incorrect assumption and is of no avail. In the supplementary charge the court referred again to the question of the acceptance of the monuments, and said that it was for the jury to say, taking everything into consideration, whether there had been a continuing dispute. To this the plaintiff excepted on the ground that the monuments might have been accepted and the dispute continued. But the court was talking about a dispute which amounted to non-acceptance, and this supplementary charge is clear enough when read in connection with the main charge, and when so read is free from error.

The court submitted to the jury the question of whether there was an accord and satisfaction by the acceptance by the plaintiff of the check with the minute on it "balance in full of account to date." The plaintiff excepted to what the court said on this subject because the charge did not go further in the plaintiff's favor than it did, and make the question of accord and satisfaction to depend upon "the plaintiff's understanding of the whole transaction." But the plaintiff was not entitled to an instruction to that effect. *Murphy* v. *Little,* 69 Vt. 261, 37 Atl. 968; *McDaniels* v. *Lapham,* 21 Vt. 222, 237. If the plaintiff was entitled to have the question of accord and satisfaction, in consequence of the acceptance of the check, submitted to the jury at all, he has nothing to complain of in the manner of its submission.

The plaintiff's counsel argued to the jury that if they believed certain testimony, as to a statement made by the defendant, it tended to show the facts to be as then stated by the defendant. Counsel for the defendant agreed in argument that such was the law. Counsel for the plaintiff excepted, or claims he excepted, to the failure of the court to speak of this evidence

in the charge.   But the rule that the trial court must charge upon all the substantial issues in a case does not require that it should single out for comment some one piece of evidence. *Ryder* v. *Vt. Last Block Co.*, 91 Vt. 158, 99 Atl. 733.   In the supplementary charge the court told the jury that the burden of proof was on the plaintiff to show that it had performed its contract so that it was entitled to recover, that the burden was upon it to show that the contract had been performed in respect to the quality of the stock and the workmanship so that it was entitled to recover upon its specifications.   The plaintiff excepted to the charge as to the burden of proof "as far as it affects the quality of stock, and workmanship and other matters."   But the burden in the respects named by the court was on the plaintiff.

The plaintiff's bill of exceptions is very full, consisting of over fifty pages, and sets out in order the exceptions upon which the plaintiff chose to rely.   There is a general controlling reference to the transcript, but it was evidently not intended to refer to the transcript for exceptions not noted in the bill of exceptions.   One exception not so noted was to the failure of the court to charge on the burden of proof on the question of recoupment.   The defendant in his brief does not notice this exception, and in the circumstances we do not think that he was called upon to argue it.   Of this exception therefore we say nothing.

*Judgment affirmed.*