BERYL W. RANDALL *v.* BERYL LUMBER COMPANY.

February Term, 1921.

Present:    WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Accord and Satisfaction—Checks for "Salary to Date"—Exceptions not Briefed not Considered—Estoppel—Burden of Proof—Salary on Another Contract—Burden on Excepting Party to Show Error.*

1.  Checks bearing the memoranda "salary to date" and "salary in full to. date" operate as an accord and satisfaction of any controversy concerning the matters referred to in the memoranda, but do not have such effect upon a claim for salary in any other employment or business, unless so intended or understood by the parties.
2.  Exceptions not briefed will not be considered.
3.  Such checks did not estop the plaintiff from claiming salary on a different contract, since the defendant failed to show that it relied upon the checks to its prejudice; the burden of proof in that respect being upon the defendant before it could claim the benefit of an estoppel.
4.  The burden is upon the excepting party to produce a record from which error appears.

ACTION OF CONTRACT.    Plea, the general issue and offset. Trial by jury at the March Term, 1920, Chittenden County, *Fish.* J., presiding.    Verdict and judgment for the plaintiff. The defendant excepted.    The opinion states the case.

*Max L. Powell* for the defendant.

*J. J. Enright* and *M. G. Leary* for the plaintiff.

POWERS, J.    [1]    By a familiar rule, long established and frequently approved in this State, the checks bearing the memoranda "salary to date" and "salary in full to date", drawn to and used by the plaintiff, operated as an accord and satisfac-

tion of any controversy concerning the matters referred to in the memoranda. *Connecticut River Lumber Co.* v. *Brown,* 68 Vt. 239, 35 Atl. 56; *Murphy* v. *Little,* 69 Vt. 261, 37 Atl. 968; *In re Stevens & Adams,* 74 Vt. 408, 52 Atl. 1034; *Bianchi Granite Co.* v. *Terre Haute Monument Co.,* 91 Vt. 177, 99 Atl. 875. But they did not so operate beyond their terms. They cut off any claim for salary, but did not affect any other debt or claim—for money loaned, goods sold, or the like. Nor did they cut off a claim for salary or wages in any other employment or in any other business, unless so intended or understood by the parties.

The plaintiff's evidence tended to show that prior to his engagement as superintendent and manager of the defendant's lumber business at Huntington, he worked for them four weeks in inspection, experimental work, and otherwise in New York and elsewhere at a stipulated salary or wage of thirty-five dollars per week, which had never been paid him. The defendant denied this, and insisted that, even if it was so, the checks above referred to cut off all claim therefor, operating as an estoppel on the plaintiff.

There is nothing in the bill of exceptions to show that this contract had any relation to the arrangement subsequently made, under which the plaintiff acted at Huntington. On the contrary, it stands on the record as a separate and independent undertaking. Even if it was in some way related to the lumber business referred to, it was a contract by itself and unaffected thereby. So anything due the plaintiff under the contract first made was not accorded and satisfied by the checks, which were drawn in the Huntington business and obviously referred only to the salary therein.

[2, 3]   But the defendant insists that these checks estopped the plaintiff from asserting his claim, and it requested a charge to that effect, which was refused and the defendant excepted. It also excepted to the charge as given on the subject-matter of the effect of the checks, but this last exception is not briefed, so we give it no consideration.

Passing over the question of the defendant's duty to have pleaded the estoppel—since the plaintiff makes no point of it— we will consider the merits of the defendant's claim. The burden of proof was on the defendant, and, before it could claim the benefit of an estoppel, it would have to show that it relied upon the checks to its prejudice. There must be both reliance (*Royce*

v. *Carpenter,* 80 Vt. 37, 66 Atl. 888) and prejudice. *Pond* v. *Pond's Est.,* 79 Vt. 352, 65 Atl. 97, 8 L. R. A. (N. S.) 212. That is to say, there must be reliance upon the representations made and such action or omission as would result in prejudice if the contrary was established. The defendant has not brought itself within the rule. There is absolutely nothing in the bill of exceptions, which is the sole basis of our action, to show that the defendant did or omitted to do anything whatever in reliance upon what the checks showed. It is suggested that the defendant raised the plaintiff's salary in such reliance. But the trouble is that the exceptions do not show this. The bill shows that the salary was raised, but it utterly fails to show that the checks cut the slightest figure in the matter.

[4] The defendant is the excepting party. The burden was upon it to produce in this Court a record from which error appears. This it has not done.

*Judgment affirmed.*