## Davidson v. Commonwealth.

(Decided April 27, 1926.)

## Appeal from Jackson Circuit Court.

1. Criminal Law—Without an Avowal, Court of Appeals Cannot Determine Whether Refusal to Permit Answer to Competent Question was Prejudicial or Not (Criminal Code of Practice, Section 340). —In absence of an avowal of what witness would answer, Court of Appeals cannot determine whether refusal to permit answer to competent question was prejudicial or not, in view of Criminal Code of Practice, section 340, authorizing reversal of conviction only when substantial rights of defendant have been prejudiced by error.

2. Criminal Law—Without Disclosure of Excluded Testimony, Material Only for Purpose of Contradiction, Record Does Not Show Prejudice to Substantial Right of Defendant.—Where proposed testimony of witness, material only to contradict prosecuting witness, was not disclosed, record does not show that substantial rights of defendant were prejudiced by exclusion of testimony.

L. C. LITTLE for appellant.

FRANK E. DAUGHERTY, Atorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—— Affirming.

Sherman Davidson was indicted for the offense of unlawfully selling intoxicating liquor. On the trial of the case he was found guilty and his punishment fixed at a fine of $200.00 and forty days in jail. He appeals. The only ground of reversal is that the court refused to allow the witness J. J. Davis to answer certain questions asked by the defendant.

The prosecuting witness, Able Cunnagim, testified in substance that he bought a quart of whiskey from the defendant within a year before the March term of court at which the indictment was found, and other evidence showed that the occurrence was in the preceding July. He was then asked if he was not sworn as a witness before the grand jury at the January term and did not in answer to certain questions by the county attorney, J. J. Davis, make certain answers. This he in substance denied. Davis was put on the stand by the defendant and was asked if he asked Cunnagim the questions and if he made the answers indicated. The Commonwealth ob-

jected to the questions; the objection was sustained; the defendant excepted, but he made no avowal of what the witness would state. The rule is well settled that in the absence of an avowal this court cannot determine whether the refusal to permit a witness to answer a competent question was prejudicial or not. Gregory v. Com., 187 Ky. 191; Stephens v. Com., 188 Ky. 824; Hill v. Com., 191 Ky. 477; Ashcraft v. Bowling, 193 Ky. 31; Hack v. Lashley, 197 Ky. 117. The reason for the rule is obvious. By the statute a judgment of conviction may only be reversed where upon a consideration of the whole case the court is satisfied that the substantial rights of the defendant have been prejudiced by the error complained of. Criminal Code, section 340. The court cannot know without an avowal what the answer of the witness would have been. The evidence of Davis was only competent to contradict Cunnagim, and it would only be material if he did contradict Cunnagim. If permitted to answer the question his answer might have been wholly immaterial for this purpose. The record, therefore, does not show that any substantial right of the defendant was prejudiced by the action of the court.

Judgment affirmed.