ALBERT BRUNELLE *v.* EASTERN CASUALTY INSURANCE CO.

January Term, 1936.

Present: SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed February 16, 1936.

*A. Pearley Feen* for the defendant.

*J. A. McNamara* and *R. F. Niquette* for the plaintiff.

BUTTLES, Supr. J.  This is an action in contract brought to recover under the following provisions of a certain accident and health insurance policy:

"HEALTH INSURANCE—FULL INDEMNITY

Part 4. (A) For the period during which the Insured shall be necessarily and continuously confined within the house and therein regularly visited by a legally qualified physician, solely by reason of 'such illness,' the Company will pay illness indemnity at the rate specified per month in Part 1.

HEALTH INSURANCE—NON-CONFINING ILLNESS

(B) Or, for the period not exceeding one month immediately following said confinement, or by reason of any non-confining illness, during which the Insured shall be regularly attended by such a physician and wholly and continuously disabled from performing any and every duty pertaining to his occupation, the Company will pay said monthly illness indemnity.

PROVIDED, THAT INDEMNITY UNDER THIS PART SHALL NOT BE PALD FOR A LONGER PERIOD THAN SIX CONSECUTIVE MONTHS NOR FOR THE FIRST SEVEN DAYS OF ANY ILLNESS."

The defendant concedes its liability, and the only question at issue is the extent thereof, which depends upon the determination of the correct interpretation of the provisions of the policy quoted above.

The defendant relies upon three exceptions: (1) To the overruling of its motion for a directed verdict for the plaintiff for the sum of forty dollars; (2) to the granting of plaintiff's motion for a directed verdict for the plaintiff for the sum of $127.29; and (3) to the rendering of judgment by the trial court on said directed verdict.

Defendant's contention appears to be that if there was ambiguity in the provision of the policy in question, the interpretation of the same was for the jury, but if there was no ambiguity therein the construction which the court placed upon the instrument was not warranted by the evidence taken in the light most favorable to the defendant. The defendant appears to be attempting to ride two horses in regard to there being or not being ambiguity in the policy. However, we proceed to consider its contentions.

No claim is made that there was any evidence in the case tending to show extrinsic facts which a jury could be instructed to consider in interpreting the language of the instrument, and no exception was briefed to the exclusion of any such evidence. It appears that the trial court had before it the bare language of the instrument for construction.

Under these circumstances, the case comes under the general rule that the construction of a contract, like other written instruments, is for the court and not for the jury. 13 C. J. 783; *Bianchi Granite Co.* v. *Terre Haute Monument Co.*, 91 Vt. 177, 184, 99 Atl. 875; *Vermont Marble Co.* v. *Eastman*, 91 Vt. 425, 444, 101 Atl. 151.

The language of the provisions of the policy here in dispute is to be construed to mean that the one month limitation contained in Part 4 (B) of the policy applies only to the clause in which it occurs, with reference to payment during the period following confining disability, and not to the next clause relating to non-confining disability, which clause is governed by the general six months' limitation contained in the last sentence of Part 4.

This is in accordance with the trial court's construction and there is no error.

*Judgment affirmed.*