JOHN MORRIS *v.* E. E. WALLACE.

January Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and STURTEVANT, Supr. J.

Opinion filed February 2, 1937.

*Raymond L. Miles* for the defendant.

*Lee E. Emerson* for the plaintiff.

STURTEVANT, Supr. J.   This is an action of tort in which the plaintiff seeks to recover for damages to his automobile resulting from an accident which occurred in Ferdinand, in Essex County, April 23, 1936.   Immediately before the accident defendant was driving a car owned by himself in a westerly direction on the highway leading from North Stratford to Island Pond.   Plaintiff's automobile was proceeding in an easterly direction, trailing another car hereinafter referred to as the Powell car, and was being operated by plaintiff's son, Thomas Morris.   The time of the accident was between nine-thirty and ten o'clock in the evening.   Trial by jury in Orleans municipal court.   Verdict and judgment thereon for plaintiff.   The case is here upon defendant's exceptions.

■ Plaintiff filed a motion in this court to dismiss defendant's bill of exceptions, assigning various reasons therefor.   However, since this motion was submitted, defendant has filed an amended bill of exceptions.   The grounds urged by plaintiff in his motion aforesaid do not apply to defendant's amended bill.   Neither does it appear that plaintiff raises any question as to the sufficiency of defendant's amended bill.   Therefore we give no further consideration to this motion, and proceed to take up the questions raised for our consideration.

■ (1) The first exception briefed by defendant relates to exclusion of certain offered evidence.   When the defendant Wallace was on the stand as a witness he was shown a certain written document by plaintiff's counsel.   Defendant admitted signing same and also admitted that this document contained at least one statement inconsistent with his testimony there in court.   The document was not introduced in evidence.   Following this, the defendant's counsel, Mr. Miles, made the following offer: "I claim, if the Court please, the right to show the circumstances under which the statement was signed, the person who procured his signature to it, the man in whose handwriting it is made, the nature of that man's business, and all the conversation that was had in reference to it."   This offer was excluded and defendant excepted.   The offer did not apprize the court of any particular circumstances or statement made in the conversation referred to

which defendant wished to show, and it did not appear from the offer in what respect anything contained therein would be helpful to defendant or how same was material to the case. The offer made was properly excluded. *State* v. *Tubbs*, 101 Vt. 5, at page 20, 139 Atl. 769; *State* v. *Noakes*, 70 Vt. 247, 40 Atl. 249; *Carpenter* v. *Willey*, 65 Vt. 168, 26 Atl. 488; *Nichols* v. *Central Vt. Ry. Co.*, 94 Vt. 14, 109 Atl. 905, 12 A. L. R. 333; *Hovey* v. *Cook*, 83 Vt. 458, 76 Atl. 144; *White* v. *State*, 4 Okl. Cr. 143, 111 Pac. 1010; *People* v. *Duncan*, 315 Ill. 106, 145 N. E. 810; *Commonwealth* v. *Perry*, 254 Mass. 520, 150 N. E. 854; *Davidson* v. *Commonwealth*, 214 Ky. 205, 282 S. W. 1090; *Cates* v. *State*, 170 Ark. 1192, 283 S. W. 12; *People* v. *McGann*, 194 Cal. 688, 230 Pac. 169.

■ (2) The court in its charge to the jury stated several rules of the road having application to the issues in this case. The transcript shows the following exceptions saved by defendant: "The defendant excepts to the failure of the court to charge the jury the rule of law which provides that the driver of an automobile must approach the brow of a hill or a curve with due care to avoid accident, in view of the fact that the court calls certain other rules to the jury's attention." Defendant claims that the evidence showed that leading from the point of the accident back toward Island Pond the road was nearly straight and on an ascending grade of about 3 per cent to the top of the grade or, as it was referred to in the case, "the brow of the hill." At the brow of the hill there was a slight curve. Plaintiff's car, in coming from Island Pond to the scene of the accident, left this slight curve at the brow of the hill, but there is nothing pointed out by defendant to indicate how far from the scene of the accident it was where plaintiff *entered* this curve. There is no argument or suggestion in the brief indicating in any way how the law applicable to the duty of the driver of plaintiff's car upon entering this curve could have had any material bearing upon the issues in this case. Hence this exception is not sufficiently briefed to require further consideration. *Silver Discount Corporation* v. *R. A. Blair*, 106 Vt. 11, at pages 16 and 17, 168 Atl. 917.

■ (3) Defendant excepted to the statement of the court in its charge where the court stated, "the defendant himself testified that he could have stopped his car by the sharp application of his brakes within the distance which he had to do it,

which was about, as I remember it, one hundred fifty feet."
However, reference to the transcript shows that the very next
sentence following this quotation from the court's charge is as
follows: "You, gentlemen, will remember the testimony and
take your own remembrance of it, and under these circumstances
it is for you to say," etc. No claim is made but that defendant
did testify that he began to be blinded by the lights of the
Powell car about 150 feet from the scene of the accident and that
he could have stopped his car by the sharp application of his
brakes within the distance which he had to do it. Under these
circumstances error is not made to appear and therefore this
exception is not sustained. *State* v. *Winters,* 102 Vt. 36, at page
61, 145 Atl. 413; *Randall* v. *Beryl Lumber Co.,* 95 Vt. 158, 113
Atl. 872.

(4) Defendant excepted to the following statement con-
tained in the court's charge to the jury, namely: "The plain-
tiff must convince you by a preponderance of evidence that what
he says is true; that what he claims is true." To this statement
in the charge defendant excepted in the following language:
"The defendant excepts to that part of the court's charge in
which the court said that the plaintiff must convince you that
what he says is true in order to recover because all the plaintiff
says may be the truth and yet not constitute negligence." De-
fendant appears to have construed the above quoted statement
from the court's charge as an instruction to the jury that if
they believe what the plaintiff said, he was entitled to recover,
but this is not a fair construction of the statement and this is
especially true when considered in the light of the court's in-
struction which soon followed this and which was as follows:
"In order for the plaintiff to recover in this case he must con-
vince you by this preponderance of evidence that the defendant
was negligent. He must go a step further and convince you
that the negligence was the proximate cause of the accident.
Now proximate cause simply means that without which this acci-
dent would not have happened when, where and how it did
happen. That is what proximate cause is. Having convinced
you by a preponderance of the evidence that the defendant was
negligent and that this negligence was the proximate cause, he
must go still further and convince you by this preponderance of
evidence that he himself was free from negligence which con-
tributed in the slightest degree to cause the accident." There

546

is no reasonable probability that the jury could have in any way been misled or the defendant have been in any way prejudiced by the statement in the charge here excepted to, and therefore no error appears in this respect. Therefore this exception is not sustained. *State* v. *Winters, supra; Randall* v. *Beryl Lumber Co., supra.*

(5) The defendant excepted "* * * to the failure of the court to charge the jury that defendant Wallace was not bound to attempt to immediately stop his automobile if a prudent man would have failed to see the rocky bank upon which he drove his automobile; in other words, that the defendant was not bound to stop if a prudent man in the same circumstances would not have done so * * *." No claim is made but that the court correctly charged the prudent man rule as applicable to defendant's conduct under the circumstances in question, and an examination of the transcript affirmatively discloses that the court did so charge. Had the court further charged as urged or suggested in defendant's exception last above quoted, he would simply have been stating the prudent man rule in another form. This he was not required to do. Therefore the court's failure to do so does not constitute error.

This disposes of all questions presented by defendant for our consideration and no error appears.

*Judgment affirmed.*