Green et al. *v.* Clark.

*H. E. Royce* for defendants.

1. The action of *scire facias* is governed by the rules of pleading applicable to other actions, *ex contractu,* and we believe the law is well established, that where the contract counted upon was joint and several, the executor or administrator of a deceased party cannot be joined with the survivor. 1 Chitty on Pleading, p. 30.

2. That a misjoinder of this kind can be taken advantage of by demurrer, where the objection appears on the face of the pleadings, we believe is equally well established. 1 Chitty's Pleading, 44 and 203.

3. The State is to be treated like any other creditor of the intestate. Hence it follows, that the allowance of the claim declared on by the commissioners appointed to allow claims against the estate, was a prerequisite to the right of recovery thereon.

---

GARDNER GREEN, JOSEPH BLAKE AND JAMES M. TABOR *v.* ALANSON M. CLARK, ADMINISTRATOR.

*Probate Court. Appointment of Administrator. Appeal.*

The statute provision requiring the final decision consequent upon an appeal, to be certified back to the probate court, is for the purpose of enabling the probate court to conform its action to the law of the case as settled upon the appeal; rather than to restore jurisdiction or to furnish notice to that court of the general result of the appeal.

Where an appeal had been taken from a decree of the probate court establishing a will, and a final decision against the will, (which was the only matter involved

in the appeal,) had been regularly made, some eight years before the appointment in controversy, it appearing that the estate was not adapted to a special and limited administration, but demanded one with the ordinary powers and responsibilities, it was held, that the probate court could rightfully grant the administration which was needed, though the judgment annulling the will had not been certified to that court in obedience to the statute.

APPEAL from a decree of the probate court appointing an administrator of the estate of Thomas Clark, deceased.

The appellants set forth in their plea "that the said Alanson M. Clark ought not to be appointed administrator of the estate of the deceased, because the said Thomas Clark did not die intestate, but on the contrary thereof, in his life time made and executed his last will and testament, and therein appointed Cary Clark his executor, and that said Cary duly presented said will to the probate court for the district of Georgia, &c., and that said court on the eleventh day of July, A. D. 1840, did decree that said will and testament was a valid instrument, duly proved as the last will and testament of the said Thomas Clark, deceased.

The defendant in his replication set forth that he ought not to be barred, &c., because the said Thomas Clark in his life time did not make and execute any will or instrument, but died intestate, though true it is, that said Thomas did attempt to make a will and testament, and therein appoint said Cary executor, but said instrument was not executed in due form of law, and that said decree of the probate court was appealed from on the 23d day of July, 1840, to the county court next to be holden at St. Albans, within and for the county of Franklin, that such appeal being granted by the probate court, was duly entered in the county court, on the second Tuesday of September, A. D. 1840, that such proceedings were had thereon in due form of law, that said case was continued from time to time until the September term of said court, A. D. 1841, when the said county court, upon a hearing of said appeal, did give judgment that said instrument was not the last will and testament of the said Thomas Clark, deceased, and that said decree of the probate court be reversed, which said decree of the county court was duly certified back to the said probate court on the tenth day of September, A. D. 1850, by Joseph H. Brainard, county clerk of the said county court, and on the eleventh day of September, 1850, was duly filed and recorded in said probate court, &c.

XXIV.     10

' The appellants in their rejoinder set forth that after the granting of the appeal, as in said replication mentioned, and after said appeal was duly entered in said county court, said probate court was divested and ousted of all jurisdiction in regard to the appointment of executor or administrator, except as is provided by law, to wit, (to appoint an administrator to take charge of said estate until said appeal was decided,) until the final decision and judgment upon said appeal should be certified to the said probate court from the county court, &c.    That said probate court, before said decision and judgment was certified to said probate court, to wit, on the eighth day of May, A. D. 1849, did decree that the said Alanson M. Clark be appointed administrator upon the estate of the said Thomas Clark, deceased, in full and without limitation, &c.

To this rejoinder the defendant demurred.    The county court, September Term, A. D. 1850, sustained the demurrer, and adjudged the rejoinder insufficient.    To which decision the appellants excepted.

*Stevens & Edson* for appellants.

*B. H. Smalley* and *A. O. Aldis* for defendant.

The opinion of the court was delivered by

ROYCE, CH. J.    This was an appeal from a decree of the probate court, appointing Alanson M. Clark administrator upon the estate of Thomas Clark.    And the question presented by the pleadings is, whether an administrator for general purposes could legally be appointed, before the decision of the county court upon a former appeal, disallowing the will of Thomas Clark, was certified to the probate court.

The statutes regulating appeals from probate courts have uniformly required that the final decision consequent upon an appeal shall be certified back to the probate court; and that the subsequent action of the probate court shall be in conformity to such decision.    This latter requirement indicates the reason and ground of the former.    Where the decision of the appellate court embraces various subjects, or is qualified by special limitations or conditions, the probate court might be unable, without the certifi-

cate, or other evidence from the record equally full and authentic, to conform its action to the law of the case as settled upon the appeal.   And we consider that the certificate was enjoined to obviate such embarrassments, rather than to restore jurisdiction to the probate court, or to furnish notice to that court of the general result of the appeal. · It may be further remarked, that no statute has declared the effect, in case the judgment is not so certified. We therefore incline to the opinion, that the want of such a certificate is in no case a legal bar to proceedings in the probate court, though upon subjects affected by the decision of the appellate court; that although it may occasion embarrassment, the court can nevertheless act with effect, if its action is warranted by the law and fact as they really exist at the time.

In this instance, it is true, that whilst the former appeal was pending in the county court, or until the invalidity of the will was judicially settled, none but a special administrator could be appointed to collect and take charge of the estate for the time being. But a final decision against the will, which was the ·only matter involved in the appeal, had been regularly made, some eight years before the appointment now contested.   After that decision the condition of the estate was not adapted to a special and limited administration, the occasion for which had passed, but demanded one with the ordinary powers and responsibilities.   And under the circumstances, we think the probate court could rightfully grant the administration which was needed, though the judgment annulling the will had not been certified to that court in obedience to the statute.

Judgment of the county court affirmed.