SETH WILLEY v. DAVID WARDEN, Apt.

*Implied assent.*

The defendant employed the plaintiff at a price per day agreed upon to labor upon a house
he was building eleven miles from the plaintiff's residence, to which the plaintiff would
frequently return and spend his nights and not reach the defendant's house until after the
usual time of commencing work upon the mornings following. The plaintiff informed the
defendant soon after commencing work that he charged for full time, to which the defend-
ant made no objection at the time or until after the completion of the work, when he claimed
a deduction for the time spent by the plaintiff in travelling. *Held*, that his making no
objection at the time of being informed and suffering the plaintiff to continue his work
in the expectation of being paid for full time, should be regarded as an acquiescence in,
and assent to the plaintiff's claim.

Upon the completion of his work, the plaintiff received the balance offered him by the
defendant, who deducted for the time spent in travelling to and from his residence, the
plaintiff saying that it was not enough, but that there would be no trouble about it.
*Held* that this did not amount to an acceptance of the sum offered in full satisfaction of
his claim.

BOOK ACCOUNT. The plaintiff's account, as charged, was for
twenty-seven days work, in reference to which the auditor found
and reported the following facts.

The defendant employed the plaintiff, who is a mason by trade,
to do his brick work and plastering, in a new house he was build-
ing, at $1.50 per day for plastering, and $1.25 for brick-laying.

The plaintiff resided in Peacham and the defendant in Lyman,
N. H.,—about 11 miles apart. During the first eleven days, the
plaintiff went home three times, and usually reached the place of
work at about 9 o'clock in the morning. After he had worked
eleven days, he was to wait until the joiners got ready for plaster-
ing, and on leaving, the defendant asked him the time he had
worked, and he replied eleven days. Defendant asked him what
his practice was in regard to charging for time spent in travelling,
and plaintiff replied he always charged for it, to which defendant
made no objection, either as to the time or the practice named.
When the plaintiff finished work, a dispute arose in regard to
travelling time—and the defendant claimed the right to deduct
$2.25 on this account, and did so, and paid the balance.

The plaintiff introduced evidence to show that, notwithstanding he
was late in commencing his work and left off earlier, on the occasions
of his going back and forth, he still, by extra exertions, accom-
plished good days' works on those days. The defendant objected

to the admission of testimony on this point, but the same was received, and was sufficient to prove that he performed fair days' works on the days in question.

When the plaintiff quit work, he received the balance offered him by defendant, saying that it was not enough, but that there would be no trouble about it, and this the defendant insisted was equivalent to a discharge and full settlement. The auditor further reported that if the court should determine upon the facts reported that the plaintiff was entitled to a recovery, it should be for the sum of $2,25 and interest.

The county court, June Term, 1854,—POLAND, J. presiding,—rendered judgment for the plaintiff for the amount reported by the auditor. Exceptions by the defendant.

———— ———— for the defendant.

*M. Hale* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.    It seems to us the defendant must be regarded as acquiescing in the plaintiff's claim to be paid for the time he was travelling to and from his work, by making no objection when told that was the plaintiff's practice, and suffering him to go on and and perform more service with the expectation he should be so paid. The fact, too, that he, by extra effort, performed full days' work upon those days would seem to entitle him to recover, on that ground. And there is nothing showing that the plaintiff was required to accept what he took in full for his claim, or that his saying there would be no trouble about it, was based upon any supposition, that he was precluded from making any just claim by accepting the money offered, but only that he should sooner lose it than sue, which was undoubtedly a far wiser conclusion than that which induced this suit.

Judgment affirmed.