## SOLON I. ATHERTON, Admr. of IRA MATTHEWSON'S ESTATE, v. VOLNEY S. FULLAM, Exr.

1. The defendant's testator was surety on a probate bond. The principal on the bond appealed from the decree of the Probate Court fixing the amount of his liability. The County Court heard the case, rendered judgment, returned a certificate to the Probate Court, where a final decree was made. The principal had been removed, and the plaintiff appointed administrator de bonis non; the surety had deceased, and the defendant was his executor. Held, that the claim upon the bond did not become absolute until the last decree of the Probate Court; and that, the time having expired for presenting claims to commissioners, the plaintiff, under the statute, R. L. s. 2208, having presented it to the executor within one year from the time of the final decree, in an action on the bond, is entitled to recover.

2. R. L. s. 2208, administrator to pay certain claims if they are presented within one year after becoming absolute—construed.

DEBT on a decree of the Probate Court. Heard on demurrer to the declaration, December Term, 1882, TAFT, J., presiding. Demurrer overruled. •

The declaration alleged that the plaintiff was administrator de bonis non of the estate of Ira Matthewson ; that on the 18th day of May, 1869, one Sylvanus O. Matthewson had been appointed administrator of said estate ; that he continued to act as such until about the 27th day of October, 1877, when he was removed, and the plaintiff appointed in his place ; that the defendant's testator, Sewell Fullam, was surety on the bond given by said Sylvanus O. to the Probate Court ; that on the 30th day of November, 1878, the Probate Court, having examined the account of said Sylvanus O. and found that he had in his possession $838.46 belonging to said estate, decreed that he pay that amount to the plaintiff; that said Sylvanus O. appealed to the County Court, May Term, 1879 ; that the cause was continued to the December Term, 1879, when by agreement it was referred ; that the report was returned to, and judgment rendered by, the County Court, December Term, 1880, for the plaintiff to recover $350.27, with costs, and that the judgment be certified to the Probate Court ; that a certificate was sent to the Probate Court, April 22d, 1881 ; that the Probate Court, December 5th, 1881, decreed that said Sylvanus O. should pay to the plaintiff $350.27, with interest, &c. ;

that the plaintiff demanded of said Sylvanus O. said sum of money, August 28th, 1882, and afterwards demanded the same of the defendant; that the said Sewell Fullam deceased          day of December, 1876 ; that the defendant was duly appointed the executor of his will,. January 23d, 1877, and that commissioners were also appointed on that day to receive and adjust claims against his estate, and six months given to present such claims ; that on the 22d day of August, 1881, the plaintiff presented the bond to the Probate Court as a contingent claim against the estate of said Sewell Fullam.

*W. W. Stickney* and *M. H. Goddard,* for the plaintiff.

*Hunton & Stickney,* for the defendant.

The opinion of the court was delivered by
ROWELL, J.    Was the claim in suit presented to the defendant, executor as aforesaid, " within one year after it accrued " ?    R. L. s. 2208.    That is the question.

In support of the demurrer it is contended that the judgment of the County Court might have been carried into effect by an execution issuing out of that court, and that, therefore, the claim became absolute upon the rendition of that judgment, and that the certificate to the Probate Court was nugatory.    On the contrary it is contended that the claim did not become absolute till December 5, 1881, when the Probate Court made an order and decree in accordance with the judgment of the County Court.

The statute provides that the final decision and judgment of the County Court or the Supreme Court in probate appeals, " shall be certified to the Probate Court " ; and that " the same proceedings shall be had in the Probate Court as though such decision had been made in such court." R. L. s. 2283. We think this statute is imperative. To send down a certificate has always been the practice, as far as the members of the court know or have ever understood ; and we think it the general understanding of the Profession that it must be done. Probate appeals are very analogous to chancery appeals, in which the statute provides that when the appeal has been heard and determined, the proceedings, with the judgment, de-

cree, or order of the Supreme Court, and all things concerning the same, shall be remanded to the Court of Chancery, where such proceedings shall be had as may be necessary to carry such judgment, etc., into effect. R. L. s. 775.

The certificate is required in probate appeals, that the Probate Court, where the estate is in process of settlement, may have authentic information of the decision above, to the end that it may conform its subsequent action in the premises thereto. *Green* v. *Clark*, 24 Vt. 136. And when such subsequent final action is there taken, and not till then, the matter is finally disposed of in that court. So in this case. Matthewson was in no legal default until he neglected and refused to comply with the order and decree of the Probate Court of December 5, 1881. His liability did not become finally fixed until then, nor the claim upon the bond absolute.

Affirmed and remanded.