EMMA E. BUFFUM ET ALS., APPELLANTS,

v.

J. M. HAYNES' ESTATE, APPELLEE.

JANUARY TERM, 1896.

*Judgment of county court on appeal from probate court. Conclusiveness. The record of is in the county court.*

1.   The probate court cannot reverse or modify a judgment of the county court rendered in an appeal from the probate court.

2. · The judgment of the county court is a judgment of that court and the record remains in that court. Its certificate to the probate court is merely for the information of that court.

Appeal from a decree of the probate court for the district of Franklin, dismissing the petition. In the county court the petitionees moved to dismiss. Heard upon said motion at the September term, 1895, Franklin county, MUNSON, J., presiding. Appeal dismissed. The petitioners except.

The petitioners were heirs of James M. Haynes, deceased. The said Haynes had resided in his life-time in the county of Franklin, state of Vermont. The petitioners alleged that after his decease, what purported to be his last will and testament, was presented to the probate court for the district of Franklin, and was by said court admitted to probate; that from this decree of the probate court, one King, a legatee and heir at law of the said Haynes, took an appeal to the county court; that said appeal was entered in the county court, but that no contest was made by the said

King, and that such proceedings were had that the will was admitted to probate in the county court and the judgment of that court certified to the probate court; that the petitioners, who were among the heirs · at law of the said Haynes, resided in the state of Ohio; that they had no knowledge of the death of the said Haynes, and no notice or knowledge of the proceedings for the establishment of his pretended will in either the probate or the county court until after the · judgment of the county court had been rendered; that in point of fact the pretended will of the said Haynes had been procured by undue influence, and that the testator was not of sound mind at the time he made the same.

The petition prayed that the judgment of the probate court, admitting the will to probate, might be stricken off, and the questions upon the probate of the will re-heard by the probate court.

The petitionees objected that the probate court had no jurisdiction to vacate the judgment, but said court ruled otherwise and vacated the decree, admitted the petitioners to a hearing, and decreed after such hearing that the will was the last will and testament of the said Haynes.    From this decree the petitioners appeal.    The petitionees renewed in the county court court their motion to dismiss upon the ground that the probate court had no jurisdiction in the premises.

*Watson & Flinn* and *Ballard & Burleson* for the petitioners.

The vital force of the judgment of the county court lies in its certificate to the probate court, and it does not become a judgment conclusive upon the probate court until spread upon the records of that court.  V. S., s. 2599; *Atherton* v. *Fuller*, 55 Vt. 388.

There is no record in the county court, and therefore no petition can be addressed to that court to correct the judg-

ment.   *Green* v. *Clark*, 24 Vt. 136; *French* v. *Winsor*, 24
Vt. 407; *Hotchkiss* v. *Ladd's Est.*, 62 Vt. 209; Freeman,
Judg., 3rd ed. s. 100; *Bronson* v. *Schulten*, 104 U. S. 415;
*Brooks* v. *R. R. Co.*, 102 U. S. 107; Rule 5, County
Court Rules, p. 23.

The probate court has power to revise its decree admitting
the will to probate.   *Rix* v. *Smith*, 8 Vt. 365; *Smith* v.
*Rix*, 9 Vt. 240; *Adams* v. *Adams*, 31 Vt. 162; *French* v.
*Winsor*, 24 Vt. 407; *Stone* v. *Learoy.*, 28 Vt. 720; *Odam
Thompson*, 2 Hawks, N. C. 24; *Hotchkiss* v. *Ladd*, 62 Vt.
209; *Congdon* v. *Congdon*, 59 Vt. 597.

*Farrington & Post* for the petitionees.

The circumstance that the petitioners had no notice in fact
is immaterial.   The statutory notice by publication is con-
clusive upon all the world, the probate of a will being a
proceeding *in rem.*   *Williams, Exr.*, v. *Robinson*, 42 Vt.
658, 662; 2 Woerner, Law of Admr., ss. 547, 550; *Bur-
beck* v. *Little*, 50 Vt. 713; *Clark* v. *Cark's Est.*, 54 Vt. 489;
3 Redf. Wills, pp. 63-4 (2d ed.)   1 Greenl. Ev., ss. 525,
550.

The probate court had no jurisdiction to vacate the judg-
ment of the county court.   *Green* v. *Clark*, 24 Vt. 137;
*Atherton* v. *Fullam*, 55 Vt. 388; 2 Woerner, Law of Admr.,
s. 547.

THOMPSON, J.   January 5, 1895, the probate court
for the district of Franklin adjudged a certain instrument in
writing, presented to it for probate, to be the last will and
testament of J. M. Haynes late of St. Albans in that district,
deceased.   From this decree an appeal was taken by parties
in interest, other than the appellants, to the Franklin county
court, and duly entered therein at its April term, A. D. 1895.
At that term, such proceedings were had, that the county
court adjudged the instrument to be the last will and testa-
ment of Haynes, and certified its judgment to the probate

court.   The judgment of the county court has never been
reversed and is still in force.   Subsequent to the rendition
of this judgment by the county court, the appellants petition-
ed the probate court to vacate the judgment establishing the
will, for reasons alleged in their petition, and such proceed-
ings were had in the probate court on this petition, that,
September 25, 1895, it, so far as it had the power so to do,
vacated the judgment, and upon further hearing, adjudged
the instrument to be the last will and testament of Haynes.
From this decree, the appellants appealed to the county court,
and duly entered their appeal therein.   The county court
dismissed this appeal, to which ruling the appellants ex-
cepted.

It is now contended that the probate court had no juris-
diction to vacate or modify the judgment of the county court
establishing the will.   If this contention is correct, the ap-
peal was properly dismissed by the county court.

V. S., s. 2582, provides that the county court shall have
appellate jurisdiction of matters originally within the juris-
diction of the probate court.   On appeal from the probate
court to the county court, the latter acts as a higher probate
court, with powers fully commensurate with those of the pro-
bate court.   The county court is, in other words, an appel-
late probate court for the rehearing and re-examination of
all subjects which have been acted upon by the probate
court below.   *Adams* v. *Adams*, 21 Vt. 162 ;   *Boydon* v.
*Ward*, 38 Vt. 628 ;   *Holmes* v. *Holmes*, 26 Vt. 536.   Its
judgments in probate matters, not reversed by the supreme
court on exceptions, are final, and the action of the probate
court must be in conformity to its decisions.   *Green* v. *Clark*,
24 Vt. 136 ; *Atherton* v. *Fullam*, 55 Vt. 388, V. S., s.
2599.

*Atherton* v. *Fullam*, *supra*, is cited by the appellants in
support of their contention that the vital force of the judg-
ment of the county court is in its certificate to the probate

court, and that such judgment is simply a finding of fact and is not of full force and complete until spread upon the records of the probate court. That case raised the question whether the claim in suit was presented to the defendant executor within one year after it accrued as required by R. L., s. 2208, now V. S., s. 2521. It was an action against a surety on an administrator's bond, for an alleged default of his principal in not paying over to his successor, the plaintiff, the amount adjudged to be in his hands as administrator. From the judgment of the probate court fixing such sum, the principal appealed to the county court, and that court rendered judgment against him for a certain sum and certified its judgment to the probate court. Thereupon the probate court decreed that the principal should pay to the plaintiff the sum adjudged by the county court to be due from him. This court held that the cause of action did not accrue until the probate court had decreed payment, following its former holding that an action for other than nominal damages cannot be maintained upon an administrator's bond until after the probate court has decreed that he make payment of the funds found to be in his hands as administrator. *Probate Court* v. *Slason*, 23 Vt. 306; *Probate Court* v. *Chapin*, 31 Vt. 373; *Probate Court* v. *Kimball*, 42 Vt. 320. Thus it is apparent that *Atherton* v. *Fullam* does not support this contention of the appellants, for in that case the judgment of the county court determined the amount of the funds of the estate in the hands of the principal for which he must account, while the judgment of the probate court simply decreed payment of the sum thus adjudged to be in his hands as administrator, and in no way affected or attempted to modify the judgment of the county court. The judgments of the county court as an appellate probate court are of record in that court and are of full force and operative whether certified to the probate court or not. *Green* v. *Clark*, 24 Vt. 136. The purpose of the certificate is not to give additional force

to the judgment of the county court by having it spread upon the records of the probate court, but to furnish the probate court with authentic evidence of the judgment so that it may conform its subsequent action to the law as settled upon the appeal.

It would be a strange anomaly, if an inferior court could reverse or modify the final judgment or decree of the higher, appellate court. Such is not the law in this state. The probate court had no jurisdiction to vacate or modify the judgment of the county court.

This holding renders it unnecessary to consider the other questions attempted to be raised in argument.

*Judgment affirmed and to be certified to the probate conrt for the district of Franklin.*