ALICE R. PHILLIPS *v.* HARRY M. CUTLER.

January Term, 1917.

Present:   WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 16, 1917.

*Rights to Take Water from Another's Spring—Aqueducts— License—Findings of Fact—When not Disturbed.*

Where plaintiff and her predecessors in title for more than sixty years took water from a spring on the land of defendant and his predecessor in title though an aqueduct laid through land of defendant and his predecessor, entered thereon for the purpose of making repairs, and paid a yearly rental for the use of the water, and in 1896 plaintiff's predecessor in title removed the old pipe and laid a new one with the knowledge and apparent acquiescence of defendant's predecessor in title, at which time there was an understanding that the previous arrangement as to taking water should continue, and the life of the aqueduct as then laid had not expired, plaintiff was entitled to a decree permitting her to take water during the life of the aqueduct and to enter upon defendant's land to make repairs so as to keep the aqueduct usable and enjoining defendant from interfering with her.

Where no exception is taken to a finding of the chancellor, no request made that the testimony be reported, and the chancellor makes no reference to the testimony, the finding will not be disturbed.

One cannot tacitly license another to incur the expense of laying an aqueduct on the premises of the former for the purpose of a water supply, and then insist that he is merely renting the use of the water, and that he has a right at any time, on notice, to refuse to supply water, and render the aqueduct useless.

APPEAL IN CHANCERY. Heard on bill and answer and facts found by the chancellor in vacation after the September Term, 1915, Washington County, *Fish,* Chancellor. Decree for the plaintiff. Defendant appealed. The opinion states the facts.

This case was before the Supreme Court at the May Term, 1915, on appeal by the plaintiff from a decree in favor of the defendant, and is reported in 89 Vt. 233. The decree was reversed *pro forma* and the cause remanded for further hearing. Additional testimony was taken and further facts found upon which a decree was entered for the plaintiff, from which this appeal was taken.

*H. C. Shurtleff* for the plaintiff.

*Fred L. Laird* for the defendant.

HASELTON, J. This is a bill in chancery. The case has before been here on an appeal from a decree dismissing the bill. We were not then content to dispose of the case on the facts presented on the former hearing, and the decree dismissing the bill was reversed *pro forma,* and the cause was remanded for further proceedings in the court of chancery. 89 Vt. 233, 95 Atl. 487. Further proceedings were had, the same chancellor sitting as before, further findings were made, and a decree was rendered for the plaintiff. From this decree the defendant appeals.

The house of the plaintiff was purchased in 1848, by Timothy P. Redfield. On his decease, in 1888, it passed to his widow by the provisions of his will, and upon her decease, in 1906, it passed to the plaintiff by inheritance.

When Judge Redfield made his purchase in 1848, there was a pipe which conveyed water to the premises purchased from

a spring on land of the defendant's predecessor in title. Nothing appears as to the laying of the pipe that was in the ground when the purchase above referred to was made, but thereafter and for a period of more than sixty years water has been taken by the plaintiff and her predecessors in title through pipes laid through land of the defendant and his predecessors in title and land of the plaintiff and her predecessors in title, from the spring to the dwelling house in question. The aqueduct is about 150 feet in length. Timothy P. Redfield was accustomed to enter upon the land now owned by the defendant for the purpose of repairing the aqueduct, and he and his successors paid five dollars annually for the use of the water until after this bill was brought charging the defendant, among other things, with interfering with the right of the plaintiff to use and repair the existing aqueduct.

In 1896, Mrs. Redfield caused the old pipe to be dug up and a new one laid, and paid for the digging and the pipe. Before this bill was brought the defendant prevented the plaintiff from making repairs on this pipe laid in 1896. In the additional facts found by the chancellor since the remand of the case, it is found that the laying of the new pipe in 1896, was with the knowledge and apparent acquiescense of the defendant's predecessor in title. The chancellor then finds from all the evidence in the case that at the time this pipe was laid in 1896, there was an understanding that the previous arrangement in regard to taking water should continue; and he further finds that the ordinary life of the aqueduct has not expired. Thereupon a decree was rendered in behalf of the plaintiff permitting her to take water through the aqueduct during the life of the same, to enter upon the premises of the defendant to make repairs so as to keep the aqueduct usable or to remove temporary obstructions, but not to the extent of renewing the aqueduct.

And by the decree the defendant, his servants, agents and successors in title are enjoined from interfering with the plaintiff in the exercise of the rights and privileges indicated and it is decreed that the plaintiff on her part continue to pay the sum of five dollars annually as long as she shall convey water through the aqueduct from the spring to her premises, that she shall make the payments that have been omitted as hereinafter stated, and that she recover her taxable costs.

When the case was here before the reported facts tending to show a license to take water, renewed in 1896, when the new pipe was laid, and irrevocable during the life of the aqueduct, were so strong that the course of remanding the cause for further proceedings was taken. The additional findings show that in 1896 when the new pipe was laid there was an understanding that the previous arrangement in regard to the taking of water should continue, and that the life of the aqueduct as then laid has not expired. What the arrangement previous to 1896 was sufficiently appears from the above statement, and on the findings of fact as finally made up the decree for the plaintiff was fully warranted.

The defendant criticizes the finding that the ordinary life of the aqueduct has not expired. But no exception was taken to this finding, no request was made that the testimony be reported, and the chancellor makes no reference to the testimony. The finding cannot be disturbed. The defendant claims that the arrangement was such that it could be terminated at any time upon notice, basing this claim largely upon the fact that the plaintiff was under obligation to pay $5 a year for the use of the water. But this claim was sufficiently considered when the case was formerly here. 89 Vt. 233, 235, 95 Atl. 487. See also; *Clark* v. *Glidden,* 60 Vt. 702, 15 Atl. 358.

One cannot tacitly license another to incur the expense of laying an aqueduct on the premises of the former for the purpose of a water supply, and then insist that he is merely renting the use of water, and that he has a right at any time, on notice, to refuse to supply water, and render the aqueduct useless. In other words the law will not permit the perpetration of a fraud. *Wheaton* v. *Cutler,* 84 Vt. 476, 484, 79 Atl. 1091.

All of the claims of the defendant have been considered either in the preparation of this opinion or of that given when the case was before here. Further specification of claims held to be ill-grounded is unnecessary.

*Decree affirmed and cause remanded.*