FRED F. DOW *v.* A. C. CHENEY PIANO ACTION COMPANY.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 4, 1932.

*Marvelle C. Webber* and *Vernon J. Loveland* for the plaintiff.

*Lawrence, Stafford & O'Brien* for the defendant.

SLACK, J. At the times here material, the plaintiff was a lumber dealer doing business in Belmont, Vermont, and the defendant was a piano manufacturer located in Castleton, New York. On January 20, 1925, defendant gave plaintiff an order for four hundred thousand feet of No. 1 common and better hard maple to be delivered f. o. b., Castleton, New York, and eighty thousand feet of white birch to be delivered f. o. b. Brandon or Rutland, Vermont. The order contained these provisions: "The stock to be first class in every respect and equal to what we have been receiving. 3% discount 15 days from date of invoice. Shipping instructions to follow." Plaintiff accepted the order. The quantity of lumber thereby called for,

except as modified by agreement of the parties, was furnished by plaintiff and accepted by defendant. Some of it was shipped on shipping instructions given by defendant, and some was shipped without such instructions. The plaintiff claimed, and still does, that defendant did not receive the lumber as fast as it was bound to by the terms of the contract, and that it deducted the 3% discount in instances where it had no right so to do. Both claims were, and are, denied by defendant. After all the lumber had been shipped and accepted by defendant and paid for as it claims, plaintiff brought this suit to recover, to quote from his specifications:

"(1). Discounts improperly deducted and interest thereon $526.45

(2). Interest on delayed payment of invoices 436.99

(3). Damage for not taking deliveries by September 1, 1925 1,008.99"

The court below heard the case on the merits, and found for plaintiff to recover $1,012.07, as of January 26, 1931. This amount includes $352.88 allowed on item (2) of the specification; $617.69 allowed on item (3), damages for not taking deliveries by December 1, 1925, instead of September 1, 1925, as computed in that item of the specification, and $41.50 for taxes paid by plaintiff. Item (1) of the specification was disallowed. This item is the difference between the amount due plaintiff as shown by his invoices of total shipments, $35,709.96 and the amount he had received from defendant, $35,302.86, which was $407.10, plus interest thereon computed by plaintiff.

The case is here on exceptions by both parties.

Such of plaintiff's exceptions as are briefed relate to the disallowance of item (1) of the specification. Since these exceptions are not material in view of our disposition of defendant's exceptions, they are not considered.

The defendant insists that the undisputed evidence shows a substituted contract which had been fully performed; shows a waiver by plaintiff of the claims upon which he now seeks to recover; shows that he is estopped from asserting such claims, and shows an accord and satisfaction. It is necessary to notice only the last question. This was raised in various ways. The defendant, in effect, requested the court to find that the acceptance by plaintiff of a certain check given him by defendant

June 14, 1927, was, in the circumstances, an accord and satisfaction of plaintiff's claims. In paragraph 27 of its findings, the court says: "Plaintiff has not, by his conduct, waived his right now to assert his claim for interest or special damages," and in the following paragraph, it says: "The check of June 14, 1927, and the letter accompanying it, when cashed by the plaintiff, was not an accord and satisfaction of the plaintiff's claim." Defendant excepted to the failure of the court to find as requested, to the findings quoted, and to such other findings as bear upon the same subject-matter.

The plaintiff contends that the question of accord and satisfaction is not before us, because not specially pleaded. The defendant says that it is specially pleaded, but insists that this is not necessary under the Practice Act, G. L. 1791, sub-division II, as amended by Act No. 72 of Laws of 1921. As to the latter claim, it is in error. We held otherwise in *Noyes et al.* v. *Pierce,* 97 Vt. 188, 122 Atl. 896. To the same effect is *Howard National Bank* v. *Wilson & Trustee,* 96 Vt. 438, 120 Atl. 889. Both of these cases were tried below after the 1921 amendment became effective.

While the plea is not as specific as might be desired, we think it contains the essentials of a plea of accord and satisfaction. It alleges, in substance, that there was a dispute between the parties as to when defendant was required, under the terms of the contract, to accept shipments, and a dispute as to its right to the discounts; that it sent plaintiff a check dated June 14, 1927, for $225.63 (after the dispute as to both claims had arisen), accompanied by a letter of same date stating that the check "settles your account in full"; that plaintiff immediately received and cashed such check without protest, wherefore the defendant says that the plaintiff has settled his claims against defendant, and each of them, and has been paid in full. To be sure, it does not follow the approved form by averring in express terms that defendant delivered the check to plaintiff in full satisfaction and discharge of plaintiff's claims, or that plaintiff accepted it in full satisfaction and discharge of such claims, but that such is the import of the language used seems clear. But assuming that the plea does not put in issue this question, the plaintiff is no better off, since we have held that

the course of the trial may be such as to constitute a waiver of any question respecting the sufficiency of the pleadings to make available a defense not properly pleaded. *Howard Nat. Bank* v. *Wilson & Trustee, supra; Bradley* v. *Blondin & Somerset Land Co.*, 91 Vt. 472, 475, 100 Atl. 920; *Barre Trust Co.* v. *Ladd,* 103 Vt. 392, 154 Atl. 680. Such was the situation here. The record shows that the trial proceeded to its conclusion upon the theory that this was one of the defenses relied upon. In his opening statement, counsel for defendant called attention to the check and letter set forth in its plea, and plaintiff's acceptance of such check, and claimed that any matters of dispute that might have previously existed were thereby settled. To this counsel for plaintiff replied, in effect, that that did not constitute an accord and satisfaction, thus indicating that he then understood defendant's claim respecting the effect of this transaction. Later, the defendant introduced evidence, without objection, to show that plaintiff accepted and cashed this check without protest, and before he made any claim that it was not accepted for the purpose for which it was given, namely, to settle his account in full. Furthermore, as we have seen, defendant requested the court to find that the giving of such check, in the circumstances shown, and its acceptance by plaintiff, constituted an accord and satisfaction, and excepted to the action of the court in finding the contrary. All this occurred without any suggestion from plaintiff that this defense was not properly in the case. In this situation he cannot now be heard to claim otherwise.

 The plaintiff insists that this defense is not available because the amount due him at the time the final payment was made and accepted was liquidated, or ascertainable by mere arithmetical computation. The record does not support this claim. The parties disagreed as to the meaning of the provision ''shipping instructions to follow'' contained in the contract. The defendant claimed that the plaintiff had no right thereunder to ship without shipping instructions, and that it was not bound to furnish such instructions faster than it required the lumber. The quality of the lumber was in dispute; and although defendant eventually accepted and paid for all the contract called for, less the 3% discounts deducted by it, it claimed that much of it could be used only for certain purposes, and that this was one reason why it did not furnish

shipping orders faster. The defendant further claimed that plaintiff could not ship when and what he pleased and deprive it of the benefit of the 3% discount if it failed to pay for such shipments in 15 days from date of invoice. The plaintiff claimed that the provision in the contract, "shipping instructions to follow," had no reference to time of shipment; that the contract was silent on that subject; and that defendant was bound to accept all shipments "by August 1, or September 1, 1925, or within a reasonable time." In his specification he adopted September 1, 1925, as the time before which shipments were to be made and accepted, and computed his interest or damages on that basis. The court did not sustain in full the claim of either party. It found that shipments were to be accepted within a reasonable time, and that December 1, 1925, was a reasonable time. This, of course, materially affected the computation of the interest or damages to which plaintiff was entitled, if any.

The evidence regarding the item for discounts was such that the court found that they had been waived and disallowed the item. This was excepted to by plaintiff. The merits of the exception are not considered, since we refer to the court's action regarding this item only for the purpose of showing that at the time the final payment was made and accepted not only was the subject of this item in dispute, but that defendant's attitude respecting the discounts was apparently taken in good faith. Enough has been said to show that plaintiff's claim was neither liquidated, nor capable of being out of court, except by compromise.

Upon shipment of each car of lumber, plaintiff sent defendant an invoice thereof, figured on the basis of the contract price, and did not in any instance then send a bill for more, or claim more. All payments for the lumber were by check, each of which bore on its face at the time plaintiff received it, under the words, "This check is payment of," the date of the invoice, the car number, the amount of the invoice, the deduction of the 3% in cases where taken, and deduction for freight charges. Many of the checks were accompanied by a letter stating that the check was in settlement of a named invoice, or that it was in full. Each of such checks was immediately cashed by plaintiff, upon receipt of same, without any protests or claim

made by him to defendant before doing so that it was not for the correct amount due, or that it was not received in payment of what it purported to be payment for.

The invoice of the last car shipped by plaintiff is dated December 22, 1926. Payment for all previous shipments was completed April 3, 1927, except the disputed discounts. No discount was taken by defendant on any shipment made subsequent to March 1, 1926, but defendant refused to recognize plaintiff's claims for those previously taken. May 3, 1927, defendant sent plaintiff a check for $500; May 25, it sent him another for like amount, and June 14, 1927, it sent him another for $225.63. The last one bore the following memorandum:

```
"Dec. 22/26 #100841 1489.88
 fgt. 155.47
 _____
 1334.41

May 3/27 ck. 500.00
 25 " 500.00
 25 fgt.
 cor. 108.78 1108.78
 _____
 225.63"
```

Accompanying this check was a letter which reads as follows:

"June 14—1927.

Mr. Fred F. Dow,
Belmont, Vt.
Dear Sir;
 Your favor received. In reply would say that we are sending you check for $225.63 which settles your account in full.

Yours truly,
A. C. Cheney Piano Action Co.
A. C. Cheney, Treas."

This check and letter were duly received by plaintiff, and he cashed the check without protest, or any intimation that it was not accepted in full settlement of any claim or claims he had against defendant until June 25, 1927, when he wrote defendant demanding payment of the discounts with interest thereon, and

interest on the amount of each invoice from the expiration of 15 days from date of same to date of payment.

It is a well-settled rule in this State that, if one, who has a disputed or unliquidated claim against another, accepts and retains a less amount than he claims is due, which is offered by the other in full settlement of such claim, it operates as an accord and satisfaction of such claim, and further controversy respecting it is ended. *McDaniels* v. *Lapham et al.*, 21 Vt. 222; *McDaniels* v. *Bank of Rutland*, 29 Vt. 230, 70 A. D. 406; *Connecticut River Lumber Co.* v. *Brown*, 68 Vt. 239, 35 Atl. 56; *Murphy* v. *Little*, 69 Vt. 261, 37 Atl. 968; *Bianchi Granite Co.* v. *Terre Haute Monument Co.*, 91 Vt. 177, 99 Atl. 875; *Randall* v. *Beryl Lumber Co.*, 95 Vt. 158, 113 Atl. 872; *Heller & Bros., Inc.* v. *Eldridge & Co.*, 96 Vt. 246, 119 Atl. 392.

In the circumstances disclosed in the instant case, the acceptance by plaintiff of the last-mentioned check operated as an accord and satisfaction, and the exceptions that raise this question are sustained.

The question of accord and satisfaction may be one of fact or one of law. When, as here, the evidence leaves no room for opposing inferences, it is one of law.

Other questions raised are not considered.

*Judgment reversed, and judgment for defendant to recover its costs.*