C. & O. OIL CO., INC. *v.* CURTIS FUNERAL HOME, INC.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 2, 1934.

*Pierce & Miles* for the defendant.

*Lee E. Emerson* for the plaintiff.

SLACK, J.   This action is to recover a claimed balance for gasoline plaintiff sold and delivered to defendant.   Plea, accord and satisfaction.   Trial by court.   On the facts found plaintiff had judgment to which defendant excepted.

The defendant contends that the findings show an accord and satisfaction as matter of law and consequently that it was entitled to a judgment.   This is the only exception relied upon. The material findings are these:   The plaintiff is a distributor of gasoline.   It had an agent, Hall, in Newport, Vermont, who had authority to sell gas and collect pay for it.   The plaintiff's place of business is in that city, and the transactions involved were had with Hall.   Commencing November 22, 1928, defendant had eight lots of gas prior to November 7, 1929, the last of which was the two hundred gallons delivered October 28, 1929, price $36.   The first three and last three lots it paid for by check.   It claimed it paid Hall cash for the other two lots, which together amounted to $180.   This was denied by plaintiff. Plaintiff also claimed that there was an unpaid balance of $5 due on the second lot.   This was denied by defendant.   This was the situation on November 7, 1929, when defendant sent plaintiff a check for $36.   This check was written in green ink, as were the other checks above mentioned.   In the upper left-hand corner were the words, "Payment in full" or "In full to date," both expressions appear in the findings, and just below these words, whichever were used, were the words "Gals. 200 oil-$36.00."   Plaintiff received and cashed this check, and gave

defendant credit for it under date of November 30, 1929. When it was returned to defendant three black ink lines had been drawn through the words "Payment in full" or "in full to date" and to their right had been inserted, in black ink, the words "Bal. due." This had been done by plaintiff or one of its employees. November 27, 1929, defendant had gas for which it was to pay $45, and February 28, 1930, it had another lot for which it was to pay $65.85. Neither lot was paid for when received. April 23, 1930, defendant paid plaintiff "On account" $50 and on July 7, 1930, it paid plaintiff "on account" $100. Defendant did not claim when it made the latter payment that it was in settlement of plaintiff's account, nor did it then claim that it relied upon the statement on the $36 check. Plaintiff sent defendant a statement of the balance due on its account the first of every month. The findings state that defendant's president, Curtis, testified that the two latter payments were made to satisfy his father who thought that the controversy might affect negotiations he was having with plaintiff regarding work, but it is not found that such was the fact. Defendant had credit for $46.78 for work performed by Curtis' father for plaintiff. The final finding is: "I find from all the circumstances between the parties connected with the whole transaction that there is due the plaintiff from the defendant ninety-four dollars and seven cents, with interest from July 7, 1930."

The defendant insists that the acceptance by plaintiff of the $36 check operated as an accord and satisfaction of all demands it then owed plaintiff. But for what subsequently transpired between the parties this might or might not be so, depending on the language in fact appearing on the check and the construction to be given it. What constitutes an accord and satisfaction is pointed out in *Dow* v. *A. C. Cheney Piano Action Co.,* 104 Vt. 350, 160 Atl. 274, and cases cited.

If the words on the check, whether "Payment in full" or "In full to date," stood alone they would lend support to defendant's contention; but whichever was used, they must be considered in connection with the accompanying words, which accurately describe the quantity and price of the last lot of gas previously delivered. If the language was "Payment in full. Gals. 200 oil-$36.00" the only reasonable conclusion would be that the check was intended to pay for that lot of gas alone.

And since this language appears in the findings it will be adopted to sustain the judgment. Furthermore, whatever defendant may have intended when it gave this check, its later conduct tended to show that it did not treat its previous indebtedness to plaintiff as affected thereby. Eight months after this check was given, and after defendant had received eight statements from plaintiff showing the balance the latter claimed due, it paid $100 "on account," and then made no claim that such payment settled its indebtedness to plaintiff or that its earlier indebtedness was affected by the $36 check. Then, too, while the gas it had after it gave that check came to only $110.85, it had paid $150 and received credit for labor by Curtis' father for $46.78. This, unexplained, would tend to show that it was not relying on an accord and satisfaction. In the circumstances, its claim is clearly without merit.

*Judgment affirmed.*