DAVID M. KEEFE *v.* FRATERNAL PROTECTIVE INSURANCE COMPANY ET AL.

Special Term at Rutland, November, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 3, 1934.

*Clayton H. Kinney* for the defendant.

*Novak & Bloomer* for the plaintiff.

MOULTON, J. This is an action of contract upon a policy of accident insurance. Verdict and judgment below were for the plaintiff and the cause has come before us upon the defendant's exceptions.

The policy was issued to the plaintiff on July 21, 1931, by the Fraternal Protective Insurance Company. On or about November 18, 1931, the name of the insurer was changed to the Massachusetts Indemnity Insurance Company. On or about May 6, 1932, the plaintiff received an accidental injury, and made proof thereof to the insurer. Payments for six weeks total disability at $25 a week (the sum provided in the policy) were made to him, but thereafter a dispute arose concerning the duration of the disability. The plaintiff asserted that it lasted 15 weeks, and that there was the sum of $225 still due to him, while the defendant maintained that the period was 9 weeks only, leaving a final payment of $75.

On September 6, the defendant wrote to the plaintiff calling his attention to the facts upon which it was claimed that his total disability had ceased, and concluding as follows: "We therefore advise that we have approved as a final and total adjustment in your case, indemnity for 9 elapsed weeks, amounting to the sum of $225.00. Deducting $150.00, which was advanced to you pending your disability,we enclose check herewith for a balance of $75.00." The enclosed check for this amount stated upon its face "in full payment for claim No. 87217," and on the back, just above the line for indorsement, was printed: "The endorser hereby acknowledges receipt of the within named amount for the purpose designated on the reverse side hereof." The plaintiff wrote to the defendant on September 15, his letter commencing: "Your letter of September 6th," and closing: "Therefore I claim one hundred and fifty dollars due me for full indemnity for fifteen weeks." No reply appears to have been made by the defendant. Some time later, the plaintiff indorsed and cashed the check, and retained the proceeds.

The question is whether the trial court erred in denying the defendant's motion for a directed verdict upon the ground that the evidence showed, as a matter of law, an accord and satisfaction, which defense had been made an issue by the pleadings.

■■ The plaintiff testified that he did not accept the amount of the check in full settlement of his demand, and that he knew of no condition attached to the check, although he

understood that the phrase "claim No. 87217," appearing thereon, referred to his claim. He said that he did not get the letter of September 6; that he did not open it, but that it was opened by his wife when he was away from home; that he found, on his return, that a check had come, but no letter. Again he said that he did not remember the letter and would not say that he had not received it. However, his letter of September 15 puts the matter in a clear light. It opens, as we have seen, with a specific reference to the defendant's communication. It is also significant that it contains a further reference to, and an exact quotation from, certain language used by the defendant, which was as follows: "Furthermore, your contract as a condition for the payment of indemnity, requires regular and continuous and frequent medical attendance by a physician." · The plaintiff, in his letter said: "I note that you mention the fact that indemnity requires regular and continuous and frequent medical attendance by a physician."

Thus it appears beyond question that the plaintiff knew the contents of the letter of the 6th, and was aware of the condition upon which the check was sent. His use of the check, in view of the statements in the letter to him, and the information appearing upon the check itself, bars his action to recover a greater sum.

"It is a well-settled rule in this State that, if one, who has a disputed or unliquidated claim against another, accepts and retains a less amount than he claims is due, which is offered by the other in full settlement of such claim, it operates as an accord and satisfaction of such claim, and further controversy respecting it is ended." *Dow* v. *A. C. Cheney Piano Action Co.,* 104 Vt. 350, 357, 160 Atl. 274, 277, and cases cited. The plaintiff could not escape the legal effect of his acceptance of the sum offered by writing to the defendant and demanding a further amount. *Murphy* v. *Little,* 69 Vt. 261, 263, 37 Atl. 968.

*Willey* v. *Warden,* 27 Vt. 655, relied upon by the plaintiff, is not in point, since, as the opinion states, there was nothing in that case showing that the plaintiff was required to accept what he took in full for his claim.

The names of two corporations appear as defendants in the writ, and it is urged that the action should have been dismissed as against the Fraternal Protective Insurance Company, as the defendant moved the trial court to do. But the two com-

panies were one and the same. So far as appears there had been only a change of name, after the issuance of the policy, and no change of identity. There is really only one defendant, and the judgment in this cause is conclusive as regards the plaintiff's claim against it, whether it be designated as the Fraternal Protective Insurance Company or the Massachusetts Indemnity Insurance Company.

It is not necessary to consider the other questions raised upon trial.

*Judgment reversed, and judgment for the defendant to recover its costs.*