THOMAS C. HARRINGTON v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed January 7, 1936.

*Hubert S. Pierce* for the defendant.

*Lee E. Emerson* and *Raymond L. Miles* for the plaintiff.

SHERBURNE, J. This is an action of contract to recover upon a health and accident policy for illness and disability occurring about September 15, 1932, and resulting from duodenal ulcers. Verdict and judgment were for the plaintiff and the case comes here upon exceptions saved by the defendant. The only exception briefed is to the denial of defendant's motion for a directed verdict.

On November 12, 1932, the defendant paid the plaintiff $116.66 for his disability to October 20, 1932. On January 11, 1933, the defendant gave the plaintiff a draft for $200.00, which he accepted, indorsed and cashed. As originally written it contained on its face, after the amount and above the signature, these words: "In full payment, satisfaction, discharge, com-

promise and release of any and all claims of liability, which payee, his heirs or beneficiary now claim or might hereafter claim under Policy No. 68 V-7869 for or on account of injury or illness sustained by payee on or about September 15, 1932, and for any past, present or future loss or disability resulting from injury or illness sustained prior to this date." Before the plaintiff would accept it the words "From Oct. 20th to Dec. 20th, 1932," were added by the defendant at the insistence of the plaintiff.

No question is made but that the plaintiff had a disputed and unliquidated claim against the defendant and that the acceptance of the draft as originally written would have barred recovery for disability after December 20, 1932. But the plaintiff claims that the addition of the quoted dates entitles him to recovery for subsequent disability.

Viewing the evidence most favorably to the plaintiff, it appeared that defendant's agent called upon plaintiff on January 11, 1933, and told him that he thought he was all right and that three months was the limit on ulcers. After a time he made out the draft as originally written and a release for the plaintiff to sign and told him that the Company would pay him $200.00 and no more if he would sign the release. The plaintiff was still sick and claimed that more money would be due him and refused to sign any release and refused to accept the draft unless the period of time for which he was being paid was written upon it. Whereupon the above quoted dates were added to show this and the plaintiff accepted the draft, knowing that the agent claimed that nothing more would be paid to him.

██ ██ Our well settled rule is that, if one, who has a disputed or unliquidated claim against another, accepts and retains a less amount than he claims is due, which is offered by the other in full settlement of such claim, it operates as an accord and satisfaction of such claim, and further controversy respecting it is ended. *Keefe* v. *Fraternal Protective Ins. Co.*, 107 Vt. 99, 102, 176 Atl. 305; *Dow* v. *Cheney Piano Action Co.*, 104 Vt. 350, 357, 160 Atl. 274, and cases cited. To constitute an accord and satisfaction, however, the offer must be such that, if he accepts it, he is bound to understand that he takes it in full settlement. *Drown's Guardian* v. *Chesley's Estate*, 92 Vt. 19, 25, 102 Atl. 102, L. R. A. 1918A, 1056; *Van Dyke* v. *Wilder*

& Co., 66 Vt. 579, 29 Atl. 1016; *Preston* v. *Grant*, 34 Vt. 201, 203.

We think that the foregoing facts and circumstances present a situation sufficiently ambiguous so that a jury acting reasonably would have been justified in finding that the plaintiff did not in fact understand, and was not bound to understand, that he was receiving the draft in full settlement. Defendant's motion was properly overruled.

*Judgment affirmed.*