GEORGE J. VALIQUETTE *v.* HENRY G. SMITH ET AL., TRUSTEES.

January Term, 1936.

Present: SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed February 16, 1936.

122

*Bert H. Stickney* (*Frank S. Norcross,* of Camden, N. J., *George W. C. McCarter,* of Newark, N. J., and *Harlan E. Cecil,* of New York City, of counsel), for the appellant.

*Fenton, Wing & Morse* for the appellees.

MOULTON, J. William H. Valiquette died testate on August 16, 1918. By his will and a codicil thereto two trusts were established, each comprising one-half of his residuary estate, one of which was for the benefit of his brother, George J. Valiquette, for life; and the other for the benefit of his sister, Hattie A. Olivette, for life and upon her death, for the benefit of his niece, Marie Olivette, for life. Hattie A. Olivette is now deceased, and Marie Olivette, who has married and bears the name of Marie Olivette Ditmars, has become the *cestui que* trust. The trustees named in the will were Henry G. Smith, Albert J.

Boynton and Arthur H. Valiquette, and on July 15, 1919, they took possession of the trust estate and entered upon their duties. Mr. Boynton died in 1929, and since that time the surviving trustees have administered the trust.

The trustees filed their account for the year ending December 31, 1933, with the probate court, which, after hearing, allowed it. George J. Valiquette appealed from the order of allowance to the county court. The stated grounds in the motion for appeal were (1) that the trustees had charged against the income for the year 1933 the sum of $120 for clerical work, and $750 for their services, which amounts were greatly in excess of the reasonable value of the clerical hire and services; (2) that one of the trustees ought to be discharged, because two were unnecessary; and (3) that the trustees had invested the trust fund in securities of unsound value, and in loans without adequate security.

Upon motion by the trustees, the allegations under (2) in the motion for appeal were expunged, because no petition for the removal of the trustees had been filed in the probate court, and the county court was without original jurisdiction to pass upon the matter. A declaration, filed by the appellant, which reiterated the claims made in the motion for appeal, was also expunged on the trustees' motion. No exception was taken to the granting of either motion. The county court then proceeded to hear the appeal, and, having filed a finding of facts, allowed the account as to each and all of the items therein, with costs to the trustees. The cause comes here on exceptions by the appellant, George J. Valiquette.

■ No exception was taken to the finding that the item of $120 for clerical assistance was fair and reasonable and properly chargeable in the account, and so the question of its propriety is not before us. *Conn. Boston Co.* v. *Griswold*, 104 Vt. 89, 98, 157 Atl. 57; *Sparrow, Admr.* v. *Vermont Savings Bank*, 96 Vt. 124, 130, 117 Atl. 667; *Phillips* v. *Cutler*, 91 Vt. 262, 265, 100 Atl. 40.

The trial court found that the sum of $750 was a fair and reasonable compensation for the services of the trustees for the year 1933, and allowed the item. Several exceptions were taken to this finding, as being unsupported by the evidence, and as being based upon other findings concerning various transactions

in the administration of the trust, which, in turn, were claimed to be either unsupported by evidence, or immaterial. Upon argument in this Court, it was conceded that the amount of the compensation was not unreasonable and was not questioned, the claim that it was excessive being based upon the fact that during the year in question the trustees were dealing with the management, investment and conservation of the corpus of the trust as well as with the income derived therefrom, which services inured to the benefit of the remaindermen as well as to the benefit of the appellant, as life tenant, and consequently that the compensation should be, in part at least, charged to and deducted from the corpus of the estate.

But this objection was not made a ground of exception in the trial court, and therefore it is not for consideration here. *Breding* v. *Champlain Marine & Realty Co.*, 106 Vt. 288, 294, 172 Atl. 625; *Chase National Bank* v. *Healy,* 103 Vt. 495, 500, 156 Atl. 396; *Landry* v. *Hubert,* 100 Vt. 268, 275, 137 Atl. 97. An excepting party is confined, in this Court, to the precise objection made below. *Townshend* v. *Townshend,* 84 Vt. 315, 318, 79 Atl. 388; *Massucco* v. *Tomassi,* 80 Vt. 186, 192, 67 Atl. 551; *Foster's Exrs.* v. *Dickerson,* 64 Vt. 233, 247, 24 Atl. 253; *State* v. *Noakes,* 70 Vt. 247, 257, 40 Atl. 249. We do not give attention to questions raised here for the first time. *Bean* v. *Colton,* 99 Vt. 45, 50, 130 Atl. 580. The exceptions, as taken, are waived, not only by the concession upon argument, but by the failure to brief them. *People's Trust Co.* v. *Finn,* 106 Vt. 345, 354, 175 Atl. 4; *Mellen* v. *U. S. Health and Accident Ins. Co.,* 85 Vt. 305, 306, 82 Atl. 4; *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 274, 122 Atl. 670.

At the beginning of the hearing in county court, counsel for the trustees sought to limit the issues to the items specified in the motion for appeal, *i.e.,* the charges for services and clerical assistance. Objection was made by counsel for the appellant, who claimed the right to examine the trustees upon all matters connected with the account. It was then made to appear that, at the hearing in probate court, the appellant questioned not only the items above mentioned, but also an item of deduction of a loss sustained in an investment in the Hotel Woodstock, in New York City, which had been taken over by the first mortgagees; and the propriety of the investment of

the funds of the trust in two certain promissory notes known as the Valiquette and Pierce notes. Evidence bearing upon these three items was thereupon introduced, and the Court found that the loss was properly charged off, and that, with regard to the loans evidenced by the two notes, the trustees had acted with proper care and prudence. No exception was taken to these findings.

It is contended by the appellant that, in considering these three items, the county court exceeded its appellate jurisdiction, which in this cause is limited, to quote from his brief, "to a consideration of those matters which are solely and exclusively within the scope of the issues raised by the pleadings, namely, the trustees' compensation and their expenses for the calendar year 1933, and *a fortiori* render nugatory any findings of fact with respect to matters outside the scope of the aforesaid issues raised by the pleadings; and that, consequently, the said County Court erred in including, within the scope of its judgment order, the allowance and approval of each and every item set forth in the said intermediate account of the said trustees for the calendar year 1933."

■ ■ By P. L. 3002 the county court is given appellate jurisdiction of matters originally within the jurisdiction of the probate court. In the hearing of such appeals the county court sits as a higher court of probate with co-extensive jurisdiction. *Everett* v. *Wing,* 103 Vt. 488, 493, 156 Atl. 393; *In re Welch's Will,* 69 Vt. 127, 131, 37 Atl. 250; *Buffum* v. *Haynes' Est.,* 68 Vt. 534, 537, 35 Atl. 474. It is invested with the same authority and powers in all matters involved as the probate court originally had. *In re Prouty's Estate,* 101 Vt. 496, 501, 144 Atl. 691. It proceeds in the same manner as if the case had originated there, and is not confined to the examination of the questions actually considered in probate court. *In re Peck's Estate,* 87 Vt. 194, 211, 88 Atl. 568; *Maughan* v. *Burns' Estate,* 64 Vt. 316, 321, 23 Atl. 583. But the trial in the county court is to be conducted according to the recognized rules of procedure; any question of fact involved should be defined by proper allegations and replies and, when this is done, the trial should proceed as other trials do—controlled by the rule that the court tries only the issues made by the pleadings. *In re Peck's Estate,* 87 Vt. 194, 211, 88 Atl. 568; and see *Brown* v. *Aitken,* 90 Vt. 569,

573, 99 Atl. 265; *Milligan, Admr.* v. *Clogston,* 100 Vt. 455, 458, 138 Atl. 739; *Bucklin* v. *Narkwich,* 107 Vt. 168, 172, 177 Atl. 198. But counsel may, by conduct or agreement, limit or enlarge the issues so presented. *Howard Nat. Bank* v. *Wilson,* 96 Vt. 438, 442, 120 Atl. 889; *Stewart* v. *Waterman,* 97 Vt. 408, 418, 123 Atl. 524; *Dow* v. *Cheney Piano Action Co.,* 104 Vt. 350, 354, 160 Atl. 274.

█ During argument before us, counsel for appellant admitted that evidence had been introduced, on behalf of his client, bearing upon these items, and that perhaps the issues had been enlarged to include them. An examination of the transcript shows that the history and status of each investment were made the subjects of thorough inquiry by each party. Indeed it was necessary, in order that it might be decided whether the items were properly allowable to examine the former transactions that concerned them, and in permitting this to be done, the court was not attempting to revise prior accounts. In appellant's reply brief it is said that his counsel insisted throughout that the issues were merely the compensation and clerical expenses "with the exception of indulging in fishing expeditions from time to time to find out how certain transactions in prior years had been handled by the trustees." If, like Simon Peter, he went a-fishing, he cannot complain that his opponents, like the disciples, also went with him. Enough appears to satisfy us that the trial court was justified in finally holding, as we may reasonably infer that it did, that the items to which we have referred, having been specifically passed upon by the probate court in the allowance of the account of 1933, and having been made the subjects of exhaustive examination during the trial on appeal, had been made issues upon which findings were required. We perceive no error in this assumption of jurisdiction.

It appeared that in 1921 the trustees realized a profit upon the sale of certain real estate belonging to the trust, and situated in New York City; in 1922 they received a stock dividend, which had been declared by the Hotel Woodstock Company; and in 1927 they received a stock dividend on the common stock of the United States Steel Corporation. In their accounts for the respective years, these items were included as increases in the corpus of the estate, and their accounts were allowed, in each instance.

After evidence of these matters had been introduced at the trial below, counsel for the appellant made the claim that the profit in the sale of the real estate and the two stock dividends had been improperly allocated to the corpus of the trust, and should have been treated as income to which the life tenant was entitled. He requested that the court, in pursuance of its equitable jurisdiction, should so order. The court refused to do so, and ruled that, when the account for the year 1933 was presented for allowance, the probate court took the estate as the account for 1932 left it, with the corpus of the trust as therein stated, and as it had been allowed by prior decree of the probate court; that in passing upon the account for 1933, the question of the allocation of the previous profits or stock dividends did not arise, and was not passed upon, and did not come before the county court on appeal, because the order of the probate court, from which appeal was taken, had no bearing upon the matter. No exception was taken to this ruling.

In the finding of facts the trial court stated that claim was made by the appellant that certain sums received by the trustees prior to 1932, *i.e.,* the profits of the sale and the stock dividends, had been improperly allocated by them in their accounts as corpus of the trust, and not as income; that the trustees had introduced evidence that their accounts for the years ending December 31, 1921, December 31, 1922, and December 31, 1927, had been allowed and ordered to be recorded, without appeal therefrom, that it was claimed by them that, by such allowances, the propriety of the accounts had become *res adjudicata,* and was not open to review; and that the appellant, having made no objection to the allocations, was estopped to deny their correctness. Several exceptions were taken to the foregoing statements, upon the ground that they were irrelevant and immaterial and related to an issue excluded by the court. But it is very clear that they were not findings of fact, but merely statements of the claims made by the respective parties, and the evidence that had been introduced. See *Peck* v. *City Trust Co.,* 104 Vt. 20, 28, 156 Atl. 403; *Raithel* v. *Hall,* 99 Vt. 65, 72, 130 Atl. 749. No question is here raised for our consideration.

The court then found that, with respect to each of the accounts (for the years 1921, 1922 and 1927), the subject matter of the allocation was properly before the probate court; that the

appellant had a copy of the accounts in advance of the hearings thereon; that due notice of the hearings was given in accordance with law; that the probate court adjudged the items of profit and stock dividends to be the corpus of the trust; and that no appeal from such judgments, or any of them, was taken by the appellant. Exceptions were taken to these findings, as being immaterial and relating to a subject which had been excluded from the case, and as being without evidentiary support.

█ █ The findings related to the claim of the trustees (made in opposition to the appellant's request that the court should pass upon the question of allocation of the profit and stock dividends between corpus and income) that this issue, having been passed upon by the probate court in the allowance of the previous accounts, with notice to the appellant and without appeal, constituted *res adjudicata* and an estoppel. Since the court had refused to take jurisdiction of the question of allocation, the issue was not before it, and the findings were of immaterial facts. But this does not constitute reversible error. The findings can be rejected without disturbing the judgment, and, therefore, in accordance with our rule, we do not consider the exceptions to them. *University of Vermont* v. *Wilbur's Estate,* 105 Vt. 147, 174, 163 Atl. 572, and cases cited; *Waterman* v. *Moody,* 92 Vt. 218, 236, 237, 103 Atl. 325.

The same result attaches to the exceptions which attack findings relative to the increase in the corpus of the trust and the total net income received by the beneficiaries during the period of the management by the trustees, and the market value of the trust estate on November 1, 1934. It is argued that, besides being immaterial, these findings are without evidentiary support, because the stock dividends had been improperly added to the corpus. But insofar as they bear upon the question of allocation, they can be disregarded without affecting the result, for reasons which we have already given. Other findings are also claimed to be unsupported by the evidence, but since this ground is not briefed, it is waived.

We have given attention to all the exceptions briefed by the appellant, and perceive no reason to reverse the judgment.

*Judgment affirmed. Let the result be certified to the probate court.*